# Richmond.

## DOOLEY v. CHRISTIAN, CLERK.

### JANUARY 12, 1899.

1. DELINQUENT LANDS PURCHASED BY COMMONWEALTH—*Application to Purchase—Previous Owner.*—Where land has been sold for delinquent taxes and purchased by the Commonwealth it cannot be again sold for taxes until it has been redeemed, and if, being still unredeemed, it is subsequently sold and conveyed to the purchaser it should not be transferred to the purchaser on the books of the Commissioner of the Revenue, but if so transferred and returned delinquent in his name and sold for taxes, the owner, at the date of the first sale, still has the right to redeem, and any applicant to purchase under sec. 666 of the Code, as amended by the act of February 11, 1898, must proceed under the first sale and give notice to the owner at that time, as provided by said act. He is the "previous owner" contemplated by the act, and may redeem without paying the five dollars penalty prescribed by that act until a proper application to purchase is filed, in which he is named as the previous owner.

Original application for a *mandamus.*

*Mandamus awarded.*

*W. F. Brown,* for the petitioner.

*W. H. Werth,* for the respondent.

BUCHANAN, J., delivered the opinion of the court.

This is an application to this court for a *mandamus* to compel the clerk of the Hustings Court of the city of Richmond to accept the sum tendered by the petitioner under sec. 664 of the Code, as amended by Acts 1897–8, p. 513, in redemption

of a certain parcel of land sold for the non-payment of taxes.

There is no controversy between the petitioner and the clerk as to the material facts of the case, which are substantially as follows:

The land, which was located in the city of Richmond, was returned delinquent for the non-payment of taxes for the year 1886, and sold therefor in the year 1888, and purchased by the treasurer of the city for the State. The sale was reported by him to the Hustings Court of the city, confirmed, and entered of record, as required by law.

The land was for the next year reported by the treasurer as having been theretofore sold, and his report confirmed and recorded. It was assessed for taxes in petitioner's name for both of these years (1886 and 1887).

In the year 1894 it was returned delinquent for the non-payment of taxes for that year, in the name of one Vaughan, who had acquired, through sundry conveyances, such title as remained in the petitioner after it had been sold in his name to the Commonwealth as above set forth. It was sold for such delinquency April 15, 1896, and at that sale the treasurer bought it in the name of the auditor for the benefit of the State and city. His report of the sale to the court was also confirmed and entered of record.

After the expiration of two years after the last-mentioned sale, one Glenn filed his application to purchase the land from the Commonwealth under sec. 666 of the Code as amended, and proposed to pay therefor the amount for which the land was sold in the year 1896, when standing in the name of Vaughan, together with such additional sums as may or would have accrued for taxes and levies, with all interest provided by law, had not the land been sold and purchased by the Commonwealth. He gave notice of his application to purchase to Vaughan and a creditor, or creditors, who appeared by the record to have a deed of trust upon the land. Within four months from the time notice was served under Glenn's appli-

cation to purchase, the petitioner, for the purpose of redeeming the land, applied to the clerk for a statement of "the amount for which said sale in petitioner's name was made, together with such additional sums as would have accrued from taxes and levies if the said land had not been purchased by the Commonwealth, with interest on the amount for which the sale was made at the rate of six *per cent. per annum* from the day of sale, and on the additional sums from the fifteenth day of December in the year in which the same would have accrued, and also his, said clerk's, fee for making such statement, for calculating interest, and so forth" The clerk in response to that application furnished the petitioner a statement showing that the unpaid taxes upon the land, together with the interest and costs, independent of Glenn's application to purchase, were $2.77, and that the penalty and costs which had accrued by reason of Glenn's application amounted to the sum of $9.03.   The petitioner tendered the $2.77, but the clerk refused to accept anything unless he paid the whole amount shown to be due by the statement furnished.   This the petitioner declined to do, and instituted this proceeding.

The clerk bases his refusal to receive the sum tendered in redemption of the land upon two grounds.

1. That the amount tendered did not include the penalty and costs which had accrued thereon by reason of the application of Glenn to purchase the land from the Commonwealth under sec. 666 of the Code, as amended by Acts of 1897–8, p. 343.

2. That the petitioner was neither "the owner (of the land), nor his heir, assign or creditor," and was, therefore, not entitled to redeem.

We will first consider the right of the petitioner to redeem the land, for if he is not one of the persons authorized to redeem, it will be unnecessary to consider the other question.

Sec. 664 of the Code, as amended by act of March 24, 1898, (Acts of Assembly 1897–8, pp. 513–4), provides by whom real

estate purchased by the State for the non-payment of taxes may be redeemed. Those who are given this right are " the previous owner, his heirs or assigns, or any other person having the right to charge the same with a debt."

The person described as the previous owner of the land clearly means the person in whose name the land was returned delinquent when the State became the purchaser. This is evident from the provisions of secs. 469 and 662 of the Code.

By sec. 469 the commissioner of the revenue was required to note on his land-book all real estate which is sold for taxes, either to a private individual or to the State, the number of acres therein and to whom sold, and to continue the whole tract upon his land-book in the name of the former owner until the purchaser obtains a deed therefor, or until the owner shall redeem the same from the Commonwealth.

By sec. 662 it was provided that when any real estate is offered for sale, as provided for in sec. 638, and no person bids the amount charged thereon, the treasurer shall purchase the same in the name of the auditor for the benefit of the State, county, city or town respectively, unless such real estate has been previously purchased in the name of the auditor, in which case it shall be sold for such price as it will bring.

If the commissioner of the revenue and the treasurer had done their duty under these sections, such a condition of things as exists in this case could not have arisen. But for the commissioner's misconduct in transferring the land on his land-book from the name of the petitioner to that of Vaughan, the treasurer would not have been engaged in the folly of buying for the State lands which it had purchased six years before, and which had neither been redeemed nor purchased from it. The land would still be on the land-books, as it ought to be, in the name of the petitioner, and if it were, would any one doubt that he was the previous owner referred to in sec. 664, and had the right to redeem? How, then, can he be deprived

of that character and that right by a violation of law on the part of the officers of the State?

This construction is strengthened by the provisions of sec. 666 of the Code as amended. That section provides, among other things, that nothing in it shall be construed as in any way affecting the duties of the commissioner of the revenue as prescribed by sec. 469, and that the party who desires to purchase such land from the Commonwealth, shall state in his application the person in whose name it stood at the date of the sale thereof to the Commonwealth, and also the person in whose name it stands at the date of the application, in the event that it has been transferred contrary to the provisions of sec. 469. It would seem from this that the Legislature intended that the original owner, in whose name it was first sold to the Commonwealth, should have notice of the application, because at the time it was sold in his name he was the owner, and the only owner, of the land known to the Commonwealth, and because without a violation of law it could not be transferred to another upon the land-books until it had been redeemed or purchased from the Commonwealth in the manner prescribed by law. The Legislature also intended that the person in whose name it was standing at the time the application was filed should have notice of it, although transferred to his name in violation of sec. 469, because, being in his name at that time, he was very probably in possession of the land, and deeply interested also in its redemption. But by providing for such notice, it was not intended to recognize the validity, either of the transfer of the land or of any sale of it made in his name after the illegal transfer, and whilst the Commonwealth was the owner of the land under its purchase in the name of the person from whom it had been illegally transferred. To hold that the person described as "the previous owner" in secs. 664 and 666 of the Code, as amended, was any other than the person in whose name the land stood when the Commonwealth purchased it for the non-

payment of taxes, the amount of which has never been paid, would defeat the chief object for which the latter section was enacted.  It would enable the applicant who proposes to purchase the land to get the Commonwealth's title to it by paying not what was due the Commonwealth and city at the time the land was sold to the Commonwealth, and all additional sums which would have accrued thereon since that time, with its interest, but by paying only the amount for which the land was illegally sold in the name of some one holding under the original owner, and the additional sums which would have accrued since that time, leaving unpaid all sums due thereon prior to and not included in the amount for which the last sale was made.  Such a construction would offer a premium to purchasers to defeat the Commonwealth in the collection of her revenue, and enable them to get title to her lands for less than the taxes and levies and additional sums due thereon, and for less even than she requires the owner, in whose name they were originally forfeited, to pay in order to redeem them.

We are of opinion, therefore, that the petitioner had the right to redeem the land, and that he had the right to redeem it upon the terms and conditions prescribed in sec. 664 of the Code, as amended, and that the clerk had no right to demand of him the payment of the costs, fees, and penalty which sec. 666 of the Code as amended provides shall be collected for the benefit of the party who has filed an application to purchase under that section.   Such costs, fees, and penalty can only be collected from the party redeeming where the application to purchase is filed in accordance with that section.

The prayer of the petitioner must be granted.

*Mandamus awarded.*