# Richmond.

## PARSONS v. NEWMAN.

### MARCH 14, 1901.

#### Absent, Whittle, J.*

1. DELINQUENT LANDS—*Purchase by Commonwealth—Equity of Redemption—Second Sale—Cloud on Title—Suit to Remove.*—After the purchase by the Commonwealth of land sold for delinquent taxes, the former owner and those claiming under him have only a right of redemption in the land, which must be exercised in the mode prescribed by law. Until redeemed, there can be no further sale for taxes, nor can the former owner, before redemption, maintain a suit to vacate a second sale for delinquent taxes, or to remove an alleged cloud upon his title by reason of such sale, as the whole title, legal and equitable, is vested in the Commonwealth by the first sale.

2. DELINQUENT LANDS—*Purchase by Commonwealth—Redemption—Second Sale.*—The right to redeem land purchased by the Commonwealth for delinquent taxes is unaffected by a second sale of the land for taxes, or by a deed acquired under such second sale, as such second sale and all proceedings thereunder are without authority of law.

Appeal from a decree of the Circuit Court of Henrico county, pronounced December 1, 1899, in a suit in chancery, wherein the appellant was the complainant, and the appellees were the defendants.

*Affirmed.*

The opinion states the case.

*Edgar Allen, J. L. Anderson,* and *A. B. Dickinson,* for the appellant.

*Argued before Judge Whittle qualified.

*Leake & Carter*, for the appellees.

BUCHANAN, J., delivered the opinion of the court.

The material allegations of the original bill, briefly stated, are that the complainant, Homer B. Parsons, sold and conveyed a parcel of land in the year 1890 to Miss Julia W. Morris and Mrs. F. E. Newman, at the price of $6,000, and to secure the unpaid purchase money due him, his vendees, who were placed in possession of the land, executed a deed of trust thereon; that they failed to pay the taxes assessed on the land for the year 1892, permitted it to be returned delinquent and sold for the taxes in February, 1894, at which sale the land was bid in for the benefit of the State; that in February, 1896, more than two years afterwards, W. C. Newman, a son of the said Mrs. Newman, filed with the clerk of the County Court of Henrico county his application to purchase the land from the State, in which he offered to pay the amount of taxes, interest, and costs against it; that notice of his application was served upon Miss Morris by the sheriff, and accepted by Mrs. Newman; that he had a survey made of the land and reported to the County Court in April following, and paid the delinquent taxes, interest and costs assessed against it; that the report of survey was approved by the court, and ordered to be recorded; that, after these proceedings had been taken, the clerk of the court executed a deed to W. C. Newman, the applicant, conveying the land to him, in consideration, as is recited in the deed, of the premises above stated, and pursuant to section 666 of the Code, as amended; that the proceedings of the treasurer of the county in and about the advertising and sale of the land were wholly irregular, illegal, null and void, stating in what those irregularities consisted; that the purchaser, W. C. Newman, was the agent of Mrs. Newman, his mother, and as such had charge of her interest in the land, and that it was his duty to collect the rents and pay the taxes

thereon; that the mother and son, knowing that she had only paid a small portion of the purchase money due the complainant, and secured by the deed of trust, improperly permitted the taxes to become delinquent, and the land to be sold therefor to the State in order that the son might purchase the same as his own; that the purchase by the son was in fact made by him as the agent of the mother, she furnishing the consideration for its purchase, and that the entire transaction was a fraudulent scheme in which the mother and son participated for the purpose of defrauding the complainant of his rights to subject the land for the purchase money due him and secured thereon.

After making certain other allegations, not necessary to be stated, the bill alleges that the conveyance of the land to W. C. Newman by the clerk of the court was also irregular and illegal, and prays that the deed may be set aside and annulled as fraudulent and illegal; that the complainant may be permitted to pay, and that W. C. Newman be required to receive such amount as is properly chargeable against him on account of taxes due upon the land at the time the conveyance was made; and that he may have such further and general relief as the nature of his case may require.

In the amended bill, which reiterates the allegations of the original bill, it is further alleged that in the year 1879 the tract of land in question was owned by and assessed for taxes in the name of R. H. Stratton; that the taxes for that year were not paid, and the land was returned delinquent; that subsequently, in the year 1886, the land was sold according to law for the taxes of 1879, and the State became the purchaser, and that no one has ever paid the said taxes or redeemed the land; that in the year 1873 Stratton executed a deed of trust on the land to Wellington Goddin, trustee, to secure the payment of a debt due by him (Stratton); that in September, 1879, Goddin, trustee, in execution of the deed of trust, conveyed the land to J. B. Jeter; that Jeter and wife conveyed it to W. A. Parsons, in October of

the same year; that it was afterwards sold by a commissioner of the court in the case of *Thompson, &c.* v. *Parsons, &c.* to the complainant, and a conveyance made to him in April, 1887, and that he conveyed the land to Miss Morris and Mrs. Newman, as set out in the original bill; that the complainant is advised and alleges that when the land was purchased by the State in the year 1886 for the delinquent taxes thereon for the year 1879 the title to the same vested in the Commonwealth, and that the only right acquired by and through any of the deeds subsequent to that sale was the right to redeem the land, and that they conveyed no title thereto; that section 469 of the Code of 1887 requires the commissioner of the revenue to continue a tract of land upon his land book in the name of the former owner, when the same has been purchased by the Commonwealth for taxes, until the owner shall redeem the same; that the land has never been redeemed; that any assessments of taxes on the land subsequent to the said purchase of the Commonwealth in the name of any one other than Stratton was illegal, and that it had no right to sell the land for taxes assessed subsequent to its purchase in 1886; that the alleged purchase of W. C. Newman in 1896 was absolutely void; and the complainant prays that the last mentioned deed may be declared null and void, for the reasons set forth in his original and amended bill, and that he may be permitted to pay the taxes assessed for the year 1879 in the name of Stratton, and redeem the land as provided by law, and for general relief.

Junius A. Morris, to whom the complainant had assigned certain of the purchase money notes secured by the deed of trust, filed his petition and amended petition in the cause, in which he adopts and relies on the allegations of the original and amended bills and prays for the same relief.

Mrs. Newman and W. C. Newman demurred to and answered the bills and petitions, proof was taken, and upon a hearing of the cause the bills and petitions were dismissed.

From that decree this appeal was taken.

The bill as amended does not, we think, make a case for equitable relief. It is conceded by the complainant that the Commonwealth, by its purchase at the tax sale of 1886, acquired title to the land, and that the only right which he and those under whom he claims have in it is the right of redemption. It is conceded, further, that the taxes for 1879, for which the land was sold in 1886, have never been paid, and that the land has never been redeemed.

The right of redemption is a statutory, not a common-law remedy, and the statute regulating it must be substantially followed.

Our statute provides, where the Commonwealth has become the purchaser of lands for delinquent taxes, that the previous owner of any such real estate, his heirs or assigns, or any person having the right to charge the same with debt, may, until further sale thereof, redeem such real estate, by paying to the clerk of the court of the county in which such real estate is situated the amount for which the sale was made, together with such additional sums as would have accrued from taxes and levies if the same had not been purchased by the Commonwealth, with interest on the amount for which the sale was made at the rate of six *per cent. per annum* from the day of sale, and on the additional sums from the 15th of December, in the year in which the same would have accrued. Code, section 664. Act approved February 21, 1898, Acts of Assembly, 1897-8, page 513.

According to the allegations of the bill as amended, the Commonwealth is still the owner of the title acquired by its purchase in the year 1886. That title was not affected by the conveyance made by the clerk of the County Court to W. C. Newman, in April, 1896. In order for him to have acquired the Commonwealth's title, under its purchase made in 1886, and to have cut off the appellant's right of redemption, it was necessary, among other things, for him to have filed an application for the pur-

chase of the land in which he offered to pay the amount for which that sale to the Commonwealth was made, together with such additional sums as would have accrued from taxes and levies and interest, if such real estate had not been so purchased by the Commonwealth, with interest on the several sums as provided by statute. Code, section 666, as amended by act approved January 29, 1896, Acts of Assembly, 1895-'6, page 219. This he did not do, but his application was to purchase from the Commonwealth the title acquired by it at a sale made in the year 1894 for the non-payment of taxes, etc., assessed on the land in the year 1892, when listed for taxation in the names of persons whose interest in it had been acquired after it had been purchased by the Commonwealth.

It was held in the case of *Dooley* v. *Christian*, 96 Va. 534, that such an application did not affect the rights of persons who had the right to redeem under the former sale. The fact that such an application had resulted in the execution of a deed by the clerk cannot affect the rights of those entitled to redeem under the former sale, nor deprive the Commonwealth of the interest which it acquired in the land under that sale. To hold otherwise would, as was said in *Dooley* v. *Christian*, *supra*, offer a premium to purchasers to defeat the Commonwealth in the collection of her revenue, and to get her lands for less than the taxes and levies and additional sums due thereon.

Neither have the appellants any standing in a court of equity upon the ground that they wish to remove a cloud from the title to the land upon which they have a lien before a sale of the land can properly be made for its satisfaction. They admit by their pleadings, as before stated, that all title to the land, both legal and equitable, is in the Commonwealth, and that they have no rights in it except the right of redemption. Before they can come into a court of equity under the allegations of the bill, as amended, to have a cloud upon the title to the land removed, they, or some one in their interest, must have exercised the right

of redemption, for until that shall have been done they have no interest in the land, and no right to subject it to their debts.

We are of opinion that the decree appealed from dismissing the bill and amended bill, and the petition and amended petition, should be affirmed, but without prejudice to the rights of the appellants.

*Affirmed.*