# Richmond.

## GLENN v. BROWN AND OTHERS.

### MARCH 14, 1901.

Absent, Whittle, J.*

1. CHANCERY PRACTICE—*Delinquent Lands—Suit to Remove Cloud on Title to Several Parcels—Parties.*—Several purchasers of different parcels of the same tract of land which has been returned delinquent in the name of the former owner of the whole tract, and sold for taxes, may unite in one bill to remove the cloud upon the title created by a tax deed made in pursuance of such sale.

2. CHANCERY PRACTICE—*Amended Bill—Supplemental Bill—When May Be Filed.*—So far as a second bill in a cause states facts which existed when the original suit was brought, it is an amended bill, and so far as it states facts which came into existence subsequently, it is a supplemental bill, but whether one or the other, great liberality is allowed in amendments when the ends of justice are promoted by it.

3. CHANCERY PRACTICE—*Amendment of Pleadings—Rule Governing.*—No invariable rule can be laid down with reference to amendments of equity pleadings. Their allowance rests largely in the discretion of the court, to be determined by the special circumstances of the case. On application to amend, justice should not be sacrificed to form, or to too rigid an adherence to rules of practice. Great caution should be exercised, however, when the application has been long delayed, or when the granting of it would cause serious inconvenience or expense to the opposite side; and an amendment should rarely, if ever, be permitted where it would materially change the very substance of the case made by the bill, and to which the parties have directed their proofs.

4. DELINQUENT. LANDS—*Who May Redeem—Payment by Third Person—Two Sales.*—The owner and none other has the right to redeem land purchased by the Commonwealth for delinquent taxes. If a pur-

---

*Argued before Judge Whittle qualified.

Opinion.

chaser under a second sale to the Commonwealth pays the amount
necessary to redeem under the first sale the payment redounds to
the benefit of the owner, and not to such purchaser.

5. DELINQUENT LANDS—*Two Sales—Cloud on Title—Suit to Remove.*—
Where land has been sold for delinquent taxes and purchased by
the Commonwealth, it cannot be again sold for taxes until it has
been redeemed. A second sale for taxes, however, and a deed made
in pursuance thereof to a purchaser from the Commonwealth, casts
a cloud upon the title, which the former owner may file his bill
to have removed after redemption under the first sale, but not
before.

Appeal from a decree of the Circuit Court of Henrico county,
pronounced May 19, 1900, in a suit in chancery wherein the ap-
pellees were the complainants and the appellant was the defend-
ant.

*Affirmed.*

The opinion states the case.

*W. H. Werth,* for the appellant.

*S. S. P. Patteson* and *A. B. Dickinson,* for appellees.

KEITH, P., delivered the opinion of the court.

Brown, Dickinson, and Graffon filed their bill in the Circuit
Court of Henrico county, alleging that they were owners in fee
of a certain parcel of land in the county of Henrico, which had
formerly belonged to one Ann G. Kemp, and which had been
returned as delinquent for taxes due and unpaid by her in the
year 1893. In February, 1895, the property was sold by the
treasurer of Henrico county, and purchased by the auditor of
public accounts of Virginia for the amount of the said taxes and
levies, and, in July, 1898, one Mandlebaum filed an application
with the clerk of Henrico county, subsequently paid the taxes
and charges imposed by law, and such proceedings were had that
a deed was made to him by the clerk on the 16th of December,

1898; and on the 15th of March, 1899, another deed for the same property was executed by the clerk to the same grantee, in order to cure some irregularity in the deed first named.

The plaintiffs set out a number of objections to the validity of these deeds, which need not be specifically mentioned, for reasons which will hereafter appear, and prayed that they might be declared null and void, as constituting clouds upon their title.

It is proper to state that the land which is the subject of this controversy was at one time owned by Mrs. Ann G. Kemp, in whose name it was returned delinquent for non-payment of the taxes assessed upon it for the year 1893; and, as it is a common charge upon the whole property, the plaintiffs, all of whom deduce title from Mrs. Kemp, are properly united in one bill to remove the cloud upon this title created by the tax deed.

Joseph E. Glenn, who purchased and received a deed from Mandlebaum, filed his demurrer and answer to this bill, and thereupon depositions were taken, certain facts were agreed, the cause was submitted for decision, and a decree was entered in part as follows:

"It appearing to the court that complete justice could not be done to the parties without an amendment to the bill making issuable matters appearing in the answer of defendant and the deed from Pollard, trustee, to Mrs. Kemp, filed therewith as as an exhibit, and the deposition of S. P. Waddill, tending to show that the Commonwealth had acquired title to the land in question paramount to the title of Ann G. Kemp, by virtue of a purchase of the same for delinquent taxes for the year 1887." The decree then recites in detail what occurred between the court and counsel for plaintiff and defendant upon application for leave to file an amended bill, and the objections taken thereon by counsel, and then proceeds: "On consideration whereof, the court overruled the objections of the defendant, and granted to plaintiffs leave asked for, and accordingly the plaintiffs filed their amended bill and exhibits, to which the defendant filed his

demurrer and answer, on which the plaintiffs joined issue, and neither party desiring time to take further evidence, both concurring in submitting the cause upon the original record and amended bill and exhibits, and the demurrer and answer for the final determination of the court," it was adjudged and decreed "that the land in controversy is the identical land which was sold by the treasurer of Henrico county for delinquent taxes assessed thereon for the year 1887, before the conveyance thereof to Ann G. Kemp by S. M. Pollard, substituted trustee for J. R. Gill, deceased, and that the Commonwealth, by virtue of the purchase thereof at such sale, was invested with the full title thereto," and that the deeds from the clerk to Mandlebaum of December 16, 1898, and of March 15, 1899, did not confer upon him any title to the land in controversy, and still constitute a cloud upon the plaintiff's title, which they have a right to have removed upon the repayment by them to the defendant of the taxes of 1887 paid by him, for which the land was originally sold, and also of all other taxes upon their land for any subsequent years, which the plaintiffs had been in default in paying, and which have been paid by Mandlebaum, or by the defendant.

"It is therefore adjudged, ordered, and decreed that the demurrer to the original and amended bills be, and the same are hereby, overruled, and that the deeds of Samuel P. Waddill, clerk of the County Court of Henrico, to W. M. Mandlebaum, of date of December 16, 1898, and of March 15, 1899, be, and they are hereby, set aside and annulled, and that Joseph E. Glenn and all persons claiming under and through him are forever enjoined and restrained from asserting under the deed from W. M. Mandlebaum to said Glenn any right, title, or claim in and to the land purported to have been conveyed."

From this decree Glenn appealed.

The only material facts in the amended bill are stated in its second paragraph, as follows:

"And now, your complainant would further show unto the

court, by way of amendment and supplement, that since the filing of said original bill, they have ascertained that said land was returned delinquent and sold to the Commonwealth on December 12, 1887, for taxes due and delinquent thereon, in the name of J. R. Gill, trustee, from which said delinquent tax sale the said property was not redeemed until the 15th day of August, 1899, more than two months after the institution of this suit, when said delinquent tax was paid without any authority so to do by the defendant, Joseph E. Glenn, through his counsel, W. H. Werth."

It is earnestly contended by appellant that the court erred in permitting the amended bill to be filed. It is alleged, in support of this assignment of error, that the matter contained in the amended bill, being of record, was known, or could have been known, to the plaintiffs before the institution of this suit, and that no good reason is assigned for their falure to state it in the original bill; that the plaintiff has been guilty of *laches* in permitting nearly a year to elapse while the defendant was constantly pressing for a hearing, and thereby either causing delay in the decision of the cause, or forcing the defendant to waive his rights in order to get a speedy trial, and other objections of a like nature.

It will be observed that the propriety of filing an amended and supplemental bill was first suggested by the learned Judge of the Circuit Court, who, upon considering the case as originally presented, found it necessary, in order to do complete justice between the parties, that certain matters should be put in issue which were not embraced in the pleadings as originally framed.

The amended bill, as presented, partakes both of the nature of an amended and a supplemental bill, "but," as is said by Mr. Barton in his Chancery Practice, Vol. 1 (2nd ed.), sec. 106, "under the practice in Virginia, where the tendency of the courts is to disregard the mere names of things, and to consider and apply their substance, when it is consistent with the ends of jus-

tice, there may be said to be scarcely any distinction between an amended and a supplemental bill, but either will be treated as the other, when to do so will substantially advance the rights of the parties;" so we need not concern ourselves as to the precise name by which this pleading is to be called. It states a fact which existed when the original suit was brought. In that respect it was an amendment. It states a fact which came into existence after the original bill was filed, and it is in that respect a supplemental bill. But whether the one or the other, great liberality is allowed in our practice in the amendment of pleadings when the ends of justice are to be promoted by it.

In *Holland* v. *Trotter*, 22 Gratt. 138, it was assigned as error to permit the plaintiff to amend his bill to introduce facts within his knowledge at the time the original bill was filed, and especially without the payment of costs, but the court said: "As a general rule, leave to file an amended bill will be granted where the original bill is defective as to parties, or in the mistake or omission of any fact or circumstance connected with the substance of the bill, or not repugnant thereto," and the statement from 1 Dan. Ch. Pr., new edition, 401, 402, is quoted with approval, "that where the plaintiff is advised that his original bill does not contain such material facts, or make such parties as may be necessary to enable the court to do complete justice, he may amend his bill by inserting new matter, or adding new parties."

In the case before us, the relief asked in the amended and supplemental bill is identical with that in the original bill. The parties are the same, and the only material amendment is the introduction of a new fact not shown to have been within the actual knowledge of the plaintiffs when the original bill was filed, which, being of record, they might perhaps have ascertained and which is not repugnant to the case as originally stated.

In *Belton* v. *Apperson*, 26 Gratt. 207, it is said: "The rule in equity in regard to amendments is that they may be made when the bill is defective in its prayer for relief, or in the omission or

mistake of some fact or circumstance connected with the substance of the case, but not forming the substance itself. The plaintiff will not be permitted to abandon the entire case made by his bill, and make a new and different case by way of amendment. But this rule has been much trenched upon, especially in the states, and in Virginia."

"If the plaintiff is not permitted to make a new case, he may by his amendments so alter the frame and structure of his bill as to obtain an entirely different relief from that asked for originally." In the course of the opinion, Judge Staples reviews a large number of authorities, and from them deduces the principles just stated.

In that case the decree appealed from was reversed and leave to file an amended bill was granted, although the original bill was filed in June, 1868, and leave to file the amended bill was not asked until December, 1871, and this delay constituted the most serious difficulty felt by the court in the case.

We have nowhere seen a better statement of the practice in equity with respect to the amendment of pleadings than is to be found in the opinion of Mr. Justice Harlan in *Hardin* v. *Boyd*, 113 U. S. 756: "In reference to amendments of equity pleadings, the courts have found it impracticable to lay down a rule that would govern all cases. Their allowance must, at every stage of the cause, rest in the discretion of the court; and that discretion must depend largely on the special circumstances of each case. It may be said, generally, that in passing upon applications to amend, the ends of justice should never be sacrificed to mere form, or by too rigid adherence to technical rules of practice. Undoubtedly, great caution should be exercised where the application comes after the litigation has continued for some time, or when the granting of it would cause serious inconvenience or expense to the opposite side. And an amendment should rarely, if ever, be permitted where it would materially

change the very substance of the case made by the bill, and to which the parties have directed their proofs."

There was no great delay in this cause. The original bill was filed on the 13th of June, 1899; the answer was filed the third Monday in September, 1899; the depositions were concluded April 13, 1900; the facts agreed bear date April 18, 1900; and the case was submitted on May 12, 1900, when the decree appealed from was entered, so that the entire litigation from the filing of the bill to the final decree only consumed about eleven months, and the amendment permitted caused no delay whatever, as it did not involve the taking of additional proof, and the cause was heard and determined upon the record as theretofore made.

Nor can we attach much importance to the suggestion that counsel, as the price of a speedy trial, was forced to sacrifice any substantial right upon the part of his client.

We are of opinion, therefore, that there was no error in permitting the amended bill to be filed; and we are further of opinion that the demurrer was properly overruled. The statement in the amended bill that the land in controversy "had been sold to the Commonwealth December 12, 1887, for taxes due and delinquent thereon," would have rendered the bill bad (*Parsons* v. *Newman, ante,* p. 298), but for the further averment that "the said taxes had since the institution of the suit been paid by the appellant, Joseph E. Glenn, through his attorney, W. H. Werth." This payment could not enure to the benefit of the appellant. He has no interest or right in the matter except such as grows out of his application to purchase, and the various steps consequent thereupon culminating in the deed to him from the clerk. The owner, and none other, had the right of redemption, and if Glenn saw fit to come forward and pay to the Commonwealth the taxes due for a delinquency prior to that under which he obtained his deed, the payment redounds not to his benefit, but to that of the owner. The owner, without doubt, had the right to redeem by

payment of the taxes delinquent in 1887, and no act of Glenn's could deprive him of that right.

What follows in the decree of the Circuit Court is but the application to the facts of this case of the law as announced in *Dooley* v. *Christian*, 96 Va. 534 , where it is held: "Where land has been sold for delinquent taxes and purchased by the Commonwealth it cannot again be sold for taxes, until it has been redeemed." The appellant, therefore, acquired no right by the sale made for taxes delinquent in 1893. The deed made to him by the clerk constitutes an apparent cloud upon the title which appears of record, impairs its market value, and which, under the circumstances disclosed in this record, it is proper that a court of equity should remove.

The decree appealed from must be affirmed.

*Affirmed.*