## Richmond.

BAKER v. BUCKNER.

MARCH 21, 1901.

1. DELINQUENT TAXES—*Purchase by Commonwealth—Subsequent Sale—Redemption.*—Land purchased by the Commonwealth for delinquent taxes cannot be again sold for taxes. The only right or title which the former owner has in the land is the right of redemption provided by statute, which must be substantially followed. Until redeemed, the former owner cannot maintain a suit to prevent or remove a cloud on the title.

Appeal from a decree of the Circuit Court of Culpeper county, pronounced June 23, 1899, in a suit in chancery, wherein the appellee was the complainant, and the appellant and another were the defendants.

*Reversed.*

The opinion states the case.

*R. Turnbull & Son,* for the appellant.

*Hay* and *Jeffries,* for the appellee.

CARDWELL, J., delivered the opinion of the court.

This appeal, also from a decree of the Circuit Court of Culpeper county, was argued and submitted along with the appeal in *Baker* v. *Briggs,* just decided, *ante,* p. 360, and the bill filed by appellee, J. S. Buckner, at the same rules of the Circuit Court against the same defendants as in the suit of *Randall Briggs* v.

*Charles Baker and W. E. Coons, Clerk,* makes substantially the same case presented by the original, amended and supplemental bill of Randall Briggs, except that it contains an additional averment that the defendant, Baker, should not be allowed to obtain a deed from Coons, clerk, to the plaintiff's lot of land referred to in the application filed by Baker to purchase it for delinquent taxes assessed thereon in 1894, because the lot, previous to 1894, had been assessed in the name of Ann S. Green, and had been sold to the Commonwealth in her name for taxes thereon for the years 1886 and 1889, and was therefore transferred contrary to law to the plaintiff.

The defendant, Baker, filed his demurrer and plea in abatement to the bill, which was overruled, and he made no further defence.

There is no averment of infirmity in the title to the land acquired by the Commonwealth at the sale thereof for taxes delinquent thereon for the years 1886 and 1889, and the application of appellant is not to purchase the title acquired by the Commonwealth at that sale, but to purchase the title acquired by it at the sale made for taxes of 1894. Therefore, according to the averments of his bill, the only right or title in the land in question that appellee has, is the right of redemption provided by statute, which must be substantially followed, and the case is controlled by the decision of this court in *Parsons* v. *Newman, &c.,* just decided, *ante* p. 298, and *Dooley* v. *Christian,* 96 Va. 534.

It follows that we are of opinion to reverse and annul the decree appealed from, and this court will enter such decree as the Circuit Court should have entered, sustaining the demurrer to the bill, but remanding the cause, with leave to appellee to amend his bill if he be so advised, and without prejudice to his rights.

*Reversed.*