Syllabus.

## 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

### Kelly v. Gwatkin and Others.

March 12, 1908.

Absent, Cardwell, J.

1. Equity—*Pleadings—Amendments.*—Courts of equity in this State are liberal in allowing amendments of bills, and where the purpose of the amendment is not to introduce á substantive cause of action different from that stated in the original bill, but merely to set forth with greater particularity of averment matters arising out of the same transaction, and germane to the objects for which the original bill was filed, the amendment should be allowed.

2. Taxation—*Tax Sale—Offer to Redeem—Suit to Set Aside Sale.*—If the former owner of land which has been sold for taxes has, in proper time, made a sufficient offer to redeem which the purchaser has rejected on grounds distinct from the nonproduction of the money, a court of equity will entertain a bill filed by him to cancel the deed made to the purchaser without formal tender of dues, enforcing the right of redemption, however, only upon the terms of payment of the amount of taxes, interest and costs to which the purchaser is entitled.

3. Constitutional Law—*Act Broader than Title—Amending Code Sections—Code, Sec. 655.*—The Act of April 2, 1902, amending section 655 of the Code (1887) in relation to when a deed may be made to a purchaser at a tax sale is not broader than its title. Moreover, the provision of the Constitution of 1869 that no act shall embrace more than one object which shall be expressed in its title is not applicable to sections of the Code, but is aimed at separate acts in their original enactment, where the opportunity exists for the evils which the Constitution was designed to prevent or defeat.

4. Taxation — *Tax Sale — Redemption — Notice by Purchaser.*— The provision of section 655 of the Code as amended (sec. 655, Code, 1904) requiring a purchaser at a tax sale to give to the person in whose name the real estate sold stood at the time of the sale, four months' notice of his purchase, is to be read in connection with section 3207 of the Code which declares how notices are to be served when no particular mode of service is prescribed, and, when so read, said provision is not too vague and indefinite for enforcement.

5. CONSTITUTIONAL LAW—*Impairing Obligation of Contracts—Taxation.*—
The provision of section 655 of the Code, as amended, which requires
a purchaser at a tax sale to give four months' notice of his purchase
to the person in whose name the land stood at the day of sale, is
valid as to sales made before its passage, when a reasonable time
is given the purchaser within which to comply with its terms, so as
to obtain his deed when it would otherwise have been due. Such a
provision does not impair the obligation of the contract entered into
between the State and the purchaser.

Appeal from the Chancery Court of the city of Richmond.
Decree for complainants. Defendant appeals.

*Affirmed.*

The opinion states the case.

*Isaac Diggs, John B. Gayle* and *M. H. Omohundro,* for the
appellant.

*Wallace F. Brown* and *Page & Leary,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

The lot in controversy was returned delinquent by the treas-
urer of the city of Richmond, in the name of the Finance Trad-
ing Company, trustee, and sold March 25, 1901, to the appel-
lant, Michael Kelly, for the amount of State taxes due thereon.
As devisees of Philomena M. Smith, and by virtue of legal
proceedings against the Finance Trading Company, trustee, the
appellees, on February 18, 1904, acquired the clear legal and
equitable title to, and possession of, the lot in question, affected
only by the tax deed of appellant, which was procured under
the circumstances to be mentioned presently.

The state of the law at the time of the tax sale was that after
the expiration of two years from that date, the purchaser of any
real estate not redeemed should be entitled to receive from the
clerk of the county or corporation, whose officer made the sale, a
deed to such real estate. Va. Code, 1904, sec. 655.

Under that provision the appellant's deed would have become
due on March 25, 1903. But by an Act approved April 2,

1902, eleven months and twenty-two days before the period of redemption had expired, section 655 was so amended as to provide, that "in no case shall any such deed be made to any such purchaser until after such purchaser has given to the person in whose name the real estate so sold stood at the time of said sale * * * four months' notice of his said purchase. * * * This section shall apply as well to real estate heretofore sold as to such as may be hereafter sold for taxes and levies * * "

On June 22, 1903, without having given the four months' notice required by the amendment, the appellant applied for and received his deed, which was put to record the following day. The recordation of the deed first apprised the appellees of the tax sale; and they immediately endeavored to relieve their title of the cloud cast upon it by the tax deed, by the offer of $250 to the purchaser, a sum largely in excess of the amount required by law to redeem the lot. This offer was rejected, and the right of the appellees to redeem denied, on grounds other than non-tender of the money. Nevertheless, the appellant invited the continuation of negotiations looking to the offer of a larger sum.

Under these circumstances, the appellees filed their bill to have the tax deed declared void, and to remove the same as a cloud upon their title. There was a demurrer to the original bill, the ground relied on being the omission to allege a tender or offer to redeem prior to the institution of the suit. The averment in that regard in the original bill was: "Your orators here offer to redeem said land from said defendant upon the terms required by law, as they have heretofore offered the said defendant without avail, and upon such additional terms as to the court may seem just and equitable."

Upon the motion of the plaintiffs, the court, over the objection of the defendant, without formally passing upon the demurrer, permitted an amended bill to be filed, which alleged, among other matters, with greater particularity the unsuccessful efforts of the plaintiffs, before suit brought, to redeem the

land, and the denial of their right to redeem, both by the defendant and clerk, on the hypothesis that the statutory period for payment had expired.

There was also a demurrer to the amended bill, and the chancery court, upon the pleadings and evidence, entered the decree appealed from, sustaining the appellees' right to redeem, and at the same time refunding to the appellant the amount to which he was entitled out of the fund deposited to the credit of the suit for that purpose.

The first assignment of error involves the action of the court in permitting the plaintiffs to file the amended bill.

Under the liberal practice which obtains in equity courts in this jurisdiction in allowing amendments, there can be no doubt of the propriety of the ruling of the court in that particular. The purpose of the amendment was not to introduce a substantive cause of action different from that asserted in the original bill, but merely to set forth with greater particularity of averment matters arising out of the same transaction and germane to the objects for which the original bill was filed.

In *Parsons* v. *Newman,* 99 Va. 298, 38 S. E. 186, cited to sustain the assignment, an amended bill was allowed, which came within the foregoing rule. See *Glenn* v. *Brown,* 99 Va. 322, 38 S. E. 189; *Tidball* v. *Shenandoah National Bank,* 100 Va. 741, 42 S. E. 867.

The assignment touching the overruling of the demurrer proceeds upon the assumption that a redemptioner can not invoke the jurisdiction of a court of equity until he has first exhausted his statutory remedy by tendering the amount of taxes, costs and interest to which the purchaser is entitled under section 650.

Conceding the correctness of the general statement of the rule, the doctrine is, nevertheless, well settled otherwise where, as in this instance, the redemptioner has, in proper time, made a sufficient offer to redeem, which the purchaser has rejected on grounds distinct from non-production of the money. In such

case, a court of equity will entertain a bill to cancel a tax deed, without formal tender of dues; enforcing the right of redemption, however, only upon terms of payment of the requisite amount.    Blackwell on Tax Titles (5th ed.), sec. 727; Desty on Taxation, 888; *Koon* v. *Snodgrass,* 18 W. Va. 320, 333; *Townshend* v. *Shaffer,* 30 W. Va. 176, 180, 3 S. E. 586.

That principle was maintained by the West Virginia court, in the cases cited above, though the statute of that State makes a tender of redemption money a condition precedent to the maintenance of a suit to cancel an invalid tax deed.

We shall next consider the rights of the parties under the amended act of April 2, 1902.

It is insisted that the act is unconstitutional because its title does not express the object of the amendment, as required by article V, section 15 of the Virginia Constitution, 1869. The section provides, in that connection, that, "No act shall embrace more than one object, which shall be expressed in its title;    *    *    "

The title to this act is as follows: "An act to amend and re-enact section 655 of the Code of Virginia, in regard to when deed made to purchasers; clerk to make it; what to contain; fee for clerk."

We are of opinion that the objection is not well taken.    The act as amended does not embrace more than one object; the matter of the amendment is in no sense the object of the act, but a mere incident of procedure.    Besides, this is an amendment of a section of the Code, with respect to which Judge Riely, in *Iverson Brown's Case,* 91 Va. 762, 775; 21 S. E. 357, 28 L. R. A. 110, remarked: "It was not to amendments to general statutes thus consolidated into a Code that section 15 of article V of the Constitution was intended to apply, but it was aimed at the separate acts in their original enactment, when the opportunity existed for the evils and mischief to be done, which the constitutional provision was designed to prevent or defeat."

As we have seen, at the date of the amendment, the pur-
chaser's deed was not due for eleven months and twenty-two
days, which afforded him ample time within which to comply
with its terms, by giving to the person in whose name the real
estate stood at the time of the sale four months' notice of his
purchase. That the requirement of the act as to notice applies
to sales theretofore made as well as to those thereafter made, is
placed beyond the pale of interpretation or debate by the un-
mistakable language employed. Nor is there merit in the objec-
tions, that the provision as to notice is too vague and indefinite
for enforcement, and that the corporation entitled to notice (the
Finance Trading Company, trustee) was dissolved at the date
of the amendment.

The enactment with respect to notice must be read in con-
nection with Va. Code, 1904, section 3207, which makes ample
provision for serving notice where no particular mode of service
is prescribed. As to the other ground of objection, it affirma-
tively appears that, although the company had made a general
assignment, it was still in existence; and it also appears, that
the appellant made no effort to comply with the amendment,
insisting then, as he now insists, that it did not apply to his
purchase.

This brings us to the consideration of the last assignment,
namely: that the amendment impairs the obligation of the
statutory contract entered into by the State on the one hand and
the purchaser on the other, and is, therefore, repugnant to arti-
cle I, section 10 of the United States Constitution, which pro-
hibits any State from passing an act impairing the obligation
of a contract.

In the case of *The State ex rel. Knox* v. *Hundhausen, Treas.,*
etc., 24 Wis. 196, the constitutionality of an amendment to a
cognate statute of the State of Wisconsin, identical in legal
effect to the amendment in question, was maintained. The
court there held, that the feature of the act *"applicable to per-*
*sons holding certificates of prior sales* (which required such

holder of a tax certificate to notify the person, if any, in ad-
verse possession of the land, of his intention to apply for a tax
deed), is valid as to sales made before its passage, when a
*reasonable time* was given the holders of certificates to comply
with its provisions, so as to obtain their deeds when they would
otherwise have been due." In that case, the act requiring
notice took effect in April, 1867, and the tax deed would not
have become due until January 25, 1868. It was held that
the act applied, if there was any person in adverse possession
for thirty days or more, at any time within six months imme-
diately preceding the expiration of the time of redemption;
that it was competent for the legislature to regulate and change
the modes of conducting the official and public business of the
State, although the changes imposed upon parties holding con-
tracts the necessity of complying with such new formalities in
order to enforce their rights under their contracts. The court
adds: "Of course, this doctrine is subject to the rule that every
provision of substantial benefit in the contract must be left un-
impaired. * * *      .

"The legislature, upon grounds of public policy, and for the
purpose of better protecting the rights of those having rights
of redemption, required the holder of the certificate to notify
the person in possession of the land, if any, of his intention to
apply for a deed. This does not interfere at all with his rights
under the contract."

If this question were *res integra,* its importance would de-
mand a review of some of the leading decisions in analogous
cases, but fortunately we have an authoritative decision of the
Supreme Court of the United States, the final arbiter in such
matters, likewise sustaining the constitutionality of the Wiscon-
sin statute. *Curtis* v. *Whitney,* 13 Wall. 68, 20 L. Ed. 573.

In that case, Mr. Justice Miller, delivering the unanimous
opinion of the court, observes: "Did the statutory requirement,
that the holder of such certificate should give notice to whoever
might be found in possession of the land before taking a deed,

impair the obligation of the contract made at the tax sale? It must be conceded by all who are familiar with the vast disproportion between the value of the land and the sum for which it is usually bid off at such sales, and the frequency with which the whole proceeding is conducted, to the making of the conveyance intended to pass the title, without any knowledge on the part of the real owner, that the requirement is an eminently. just and proper one. Nor is it difficult to comply with, as it is only made necessary when some one is found on the land, on whom the notice can be served, and the cost of serving the notice must be paid by any party offering to redeem.

"That a statute is not void because it is retrospective, has been repeatedly held by this Court, and the feature of the Act of 1867, which makes it applicable to certificates already issued for tax sales, does not of itself conflict with the Constitution of the United States. Nor does every statute which affects the value of a contract impair its obligation. It is one of the contingencies to which parties look now in making a large class of contracts, that they may be affected in many ways by State and national legislation. For such legislation, demanded by the public good, however it may retroact on contracts previously made, and enhance the cost and difficulty of performance, or diminish the value of such performance to the other party, there is no restraint in the Federal Constitution, so long as the obligation of performance remains in full force."

This decision, which was rendered thirty odd years ago, has been frequently cited with approval, and is conclusive of the constitutionality of the act under review.

It may be noted that the Virginia redemption statute, section 650, makes provision for repayment of "the whole amount paid by said purchaser, and any such additional taxes, levies, costs and charges as may have been paid by him since the sale, with interest * * * on the amount so paid.

We are of opinion that the decree of the chancery court is plainly right, and it is affirmed.

*Affirmed.*