# Staunton.

## HARVEY AND OTHERS v. HOFFMAN AND OTHERS.

### September 15, 1908.

1. EJECTMENT—*Writ of Possession—Land Sold for Taxes—Code, 1887, Sec. 662—Amendment, Acts 1902-3-4, p. 689.*—Where land was purchased in the name of the auditor of public accounts, under the authority of sec. 662 of the Code of 1887, the only right the "former owner" and those claiming under him had in the land was the right of redemption. This section was amended by Acts 1902-3-4, p. 689, and the object of the amendment was to clothe the former owner and those claiming under him with the same right to bring actions at law or suits in equity to recover the possession of the land, try the title thereto, or to recover damages for its injury, or to prevent injury to the same, as such persons would have had if the land had not been purchased by the State for non-payment of taxes and levies, and at the same time to protect the State and the subordinate divisions thereof by the proviso that the plaintiffs in such actions or suits should not have any execution or other process to enforce their judgments or decrees until they had made the payments specified in the proviso. This amendment, however, applies to and embraces only the person in whose name the land sold for taxes and purchased by the State was assessed, returned delinquent, and sold, and those who claim under him. It does not apply to plaintiffs in ejectment who claim in hostility to the "former owner," or to those claiming under him. They may have a writ of possession for the land, and an execution for their costs. Such plaintiffs are under no obligation to pay the taxes and levies, for the non-payment of which the land was sold, and have no right to redeem it.

2. STATUTES—*Construction.*—If a statute is fairly open to two constructions, it should be given that construction which will prevent absurdity, hardship, or injustice, and should be so construed as to bring it, if possible, within the authority of the legislature, rather than the contrary.

3. CONSTITUTIONAL LAW—*Non-payment of Taxes—Ejectment.*—It is not within the power of the legislature to declare that one who claims in hostility to the "former owner" and those claiming under him,

shall not have the benefit of a judgment in ejectment for the recovery of the land except upon condition of the payment of the taxes and levies for which the land was sold, and for which the plaintiff in ejectment was in no wise bound, and for the non-payment of which he had no right to redeem.

Error to a judgment of the Circuit Court of Botetourt county on a motion to quash an execution. Judgment for the defendants in the motion. Plaintiffs assign error.

*Affirmed.*

The opinion states the case.

*C. M. Lunsford* and *Wm. R. Allen,* for the plaintiffs in error.

*Benjamin Haden,* for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Circuit Court for Botetourt county, overruling a motion to quash writs of possession and *fieri facias* issued upon a judgment rendered in an action of ejectment, in which the defendants in the motion to quash were plaintiffs, and the plaintiffs were defendants.

The ground upon which the motion to quash was based was that the land recovered in the action of ejectment had, at the time of the institution of that action, been returned delinquent for the non-payment of taxes and levies due thereon, sold therefor, and purchased in the name of the auditor of public accounts for the benefit of the Commonwealth and the county of Botetourt, and had, since the institution of that action, been repeatedly returned delinquent for taxes and levies, and again sold and purchased in the name of the said auditor for the benefit of the Commonwealth and the said county; and as the said taxes and levies had never been paid or the land redeemed, no execution or other process could issue on said judgment under the provisions of section 662 of the Code as amended by act

approved December 14, 1903—Acts 1902-3-4, p. 689; Va. Code, 1904, sec. 662.

Where land had been purchased in the name of the auditor of public accounts, under the authority of section 662 of the Code of 1887, it was decided by this court, that the only right which the "former owner" (that is, the owner in whose name the land had been returned delinquent—*Dooley* v. *Christian*, 96 Va. 534, 32 S. E. 54—) and those claiming under him had in the land was the right of redemption. *Parsons* v. *Newman*, 99 Va. 298, 38 S. E. 186; *Glenn* v. *Brown*, 99 Va. 322, 38 S. E. 189; *Baker* v. *Buckner*, 99 Va. 368, 38 S. E. 280.

Section 662, as amended, among other things contains this provision: "Provided, however, that any person claiming to be entitled to such real estate, if the same had not been delinquent for taxes, or sold therefor, may bring any action or actions, or suit or suits, either at law or in equity, to recover the possession thereof, try the title thereto, or to recover damages for any injury to the same, or to prevent injury to the same, although such real estate may have heretofore been, or may hereafter be, delinquent for taxes, or purchased by the treasurer in the name of the auditor of public accounts, for the non-payment of taxes, and not redeemed, and the judgment or decree in any such action or suit shall only affect the rights and title of the parties thereto, and shall in no wise affect the rights of the Commonwealth or of any city or county therein or thereto; provided, however, that no execution, or other process or order, shall issue upon any judgment or decree rendered in any such action or suit, until the party in whose favor such judgment or decree is rendered shall have paid all delinquent and other taxes and levies, with the interest and other charges due upon said real estate, to the State, and to the city, town, or county, or district, wherein the same is located."

The object of that amendment was to clothe the former owner and those claiming under him with the same right to bring actions at law or suits in equity to recover the possession

of the land, try the title thereto, or to recover damages for its injury, or to prevent injury to the same, as such persons would have had if the land had not been sold and purchased by the State for the non-payment of the taxes and levies thereon, and to that extent to change the law as declared in the case of *Parsons* v. *Newman* and the other cases cited above, but at the same time to protect the Commonwealth and the subordinate divisions thereof by not permitting the plaintiffs in such actions or suits to obtain the benefit of any judgment or decree which might be rendered therein in their favor until they had complied with the terms of the statute by making the payments it required.·

It could not have been intended by the General Assembly that the provisions of the statute, as amended, should apply to a plaintiff in an action at law or a suit in equity, who was not the person in whose name the land had been returned delinquent and sold, or who did not claim under him. The language of the act does not authorize, much less require, such a construction, for it applies in terms to "persons claiming to be entitled to such real estate, if the same had not been delinquent for taxes, or sold therefor." Persons other than he in whose name it was returned delinquent and sold, and those claiming under him, were under no obligation to pay the taxes and levies, for the non-payment of which it was sold, and had no right to redeem it. Va. Code, 1904, sec. 664; *Dooley* v. *Christian*, 96 Va. 536-7, *supra*. Such persons could receive no benefit from the provisions under consideration and ought not, in asserting their right to or interest in the land, to be construed to be within its provisions, even if the language would justify such a construction, unless no other reasonable construction could be placed upon it; for where a statute is fairly open to two constructions, it should be given that construction which will prevent absurdity, hardship or injustice, and should be so construed as to bring it, if possible, within the authority of the legislature. Sutherland on Stat. Constr., sec. 324; *Im. Soc.* v.

*Com'th,* 103 Va. 46, 48 S. E. 509, and authorities cited; *L. & N. R. Co.* v. *Interstate R. Co., ante* p. 502, 62 S. E. 369, 2 Va. App.

To hold that the legislature intended that that section should apply to persons other than the claimant of the land in whose name it had been returned delinquent and sold, and those claiming under him, would not only result in great hardship and injustice, but would give it an effect not within the power of the legislature.

It is well known that under the loose system prevailing in this State for a long time, by which public lands were disposed of, two grants were frequently issued, sometimes more, for the same land. If the junior grantee, or those claiming under him, had permitted the land to be returned delinquent for the non-payment of the taxes thereon, sold therefor and purchased in the name of the auditor for the benefit of the State, neither the senior grantee nor those claiming under him, under the construction contended for by the plaintiffs in error, could recover possession of the land by action from the junior grantee or those claiming under him, unless they first paid all the taxes and levies assessed against it, and for which it had been returned delinquent and sold, although the senior grantee or those claiming under him may have had the land properly assessed for taxation and regularly paid the taxes and levies thereon. Neither could the claimants of land, who had a perfect title to it, recover possession of it from a squatter or other trespasser, or recover damages for injuries done it, or protect it from injury, by action or suit, if another asserting title to it had caused the land to be assessed in his name for taxation and afterwards permitted it to be returned delinquent and sold for the non-payment of the taxes and levies thereon, until the former claimant had paid such taxes and levies.

To impose such a burden upon a litigant, as a condition precedent to his right to recover possession of or protect his land from injury by action or suit, would not only be absurd

and unjust but beyond the power of the legislature. See Cooley on Taxation (3rd ed.), pp. 1056-1063.

We are of opinion that section 662 of the Code, as amended, applies to and embraces only the person in whose name the land so sold and purchased by the Commonwealth was assessed, returned delinquent and sold, and those who claim under him. As the plaintiffs in the action of ejectment in which the judgment was rendered upon which the writs sought to be quashed were issued do not claim under the party in whose name the land was returned delinquent, sold and purchased by the Commonwealth, they were entitled to their writs of possession and *fieri facias,* and the circuit court did not err in overruling the motion to quash and dismissing the same.

The judgment complained of must be affirmed.

*Affirmed.*