## CHARLESTON.

BRADFORD N. HANSFORD *v.* THOMAS B. RUST *et al.*

(No. 6429)

Submitted September 17, 1929. Decided September 24, 1929.

*Leo Loeb*, for appellees.
*England & Ritchie*, for appellants.

WOODS, PRESIDENT:

This suit was originally instituted against Thomas B. Rust, M. M. Rust, and John H. Rust, the latter being the father of the former named parties, to enjoin further trespasses upon, and interference with, plaintiff's quiet possession of a certain tract of land situate on Lick Branch. Shortly thereafter the suit was enlarged by an amended and supplemental bill, seeking to have two certain deeds cancelled as clouds upon plaintiff's title. The first deed, while bearing date anterior to the filing of the bill, was recorded three days thereafter, and the second, which was duly executed and recorded, purports only to correct certain calls in the former. The grantee in both deeds was Madeline Rust (at the time sixteen or seventeen years of age), daughter of John H. Rust, and the grantors were I. A. Edens and Nettie Edens, his wife, and Thomas B. Rust and Virgie Rust, his wife. The amended and supplemental bill makes the several parties of the deeds parties to the suit. One of the allegations thereof is that the execution of said deeds was a mere subterfuge and artifice on the part of John H. Rust in order to harass plaintiff. The lower court, after considering the several depositions and exhibits introduced by the several parties in support of their respective contentions, granted the plaintiff the relief sought in his bill, and amended and supplemental bill.

The plaintiff, in his original bill, sets out his claim under a partition deed of 1885, which is made a part thereof. This deed fixes his corner as follows: "Beginning at H a point in the bed of Lick Branch of the Kanawha River, where the back line of the John Childer's survey of 700 acres crossed it. Said point H being S. 17° 24' W. 650 feet from the center of the arch culvert of the C. & O. Railroad over said Lick

Branch." The defendants seek to hang their defense upon a rather indefinite recital in the patent (1781) to one John Clopton for 1,000 acres, which reads: "Beginning on a branch which empties into said River, opposite side and below where William Clendenen lives, and one mile up said branch at three forks coming in together at a black walnut and white oak in a ———————— of Childres, and running," etc. They deny the plaintiff's right to claim to the point in Lick Branch 650 feet from the C. & O. culvert on the ground that the recital in the Clopton patent "of Childres" is sufficient to locate the "back line of the John Childer's survey" (mentioned in plaintiff's calls) at the "three forks," which is half mile further up the creek. They do not assert, however, that the calls in plaintiff's deed are not possible of location on the ground. Ordinarily, courses and distances control incidental calls for monuments, except where there is a clear intention to make such calls locative; and they also control indefinite and conflicting calls for monuments. They govern where surrounding circumstances show them to be more reliable, or where such is the intention of the parties, or where monuments are called for by conjecture and not by actually running out the lines upon the ground according to rule. But where lines are actually run and marked on the ground, the courses and distances corresponding with the marked lines will control a call for a corner of another survey. *Williams* v. *Coal Company,* 60 W. Va. 239. In the instant case the beginning corner of plaintiff's land is fixed with definiteness at a point 650 feet from the center of the arch culvert of the C. & O. Railway over Lick Branch, and controls over the additional recital that such point is where the back line of the John Childer's survey of 700 acres crosses said Lick Branch. This would be the case even if the defendants' contention, that such latter line is located some mile or so distant farther up said branch, be true. If there had been an actual *bona fide* dispute over the boundary line, it would have been fatal to the equity jurisdiction invoked here by the plaintiff, and he would have been remitted to the law court for relief.

We see no merit in the contention that Thomas B. Rust and Madeline Rust were in possession of the land at the time suit

was brought, and that plaintiff should have been remitted to suit in ejectment, as there is a total failure of evidence to support it. The land actually owned by Thomas B. Rust is clearly proved and defined, and includes none of the plaintiff's boundary; and the possession of Nettie. Edens was never anything but a squatter's occupancy, terminated by proceedings in unlawful detainer when occupancy was brought to attention of the plaintiff.

When we consider the position taken by the defendants, we find a lack of real merit in their claim. Such title as they assert has no foundation in reality. It bears the ear marks of being a spurious claim. And the evidence bears the interpretation placed upon it by the lower court that the deeds sought to be cancelled were given as a part of a scheme to harass the plaintiff in his enjoyment of his land. The assertion of these claims also supports the allegations of the acts of trespass sought to be enjoined by the plaintiff. It is well settled in this State that equity has jurisdiction to enjoin trespass to real estate and remove cloud where it appears that the plaintiff has clear title and is in possession and that the defendant has neither title nor possession. *Gas Company* v. *Townsend,* 104 W. Va. 279.

The position is taken by the appellants that the amended and supplemental bill introduced new matter and entirely changed the original purpose of the suit, and was subject to demurrer. Citing *Christian* v. *Vance,* 41 W. Va. 754. The rule against departure in equity pleading does not preclude the introduction of a new cause of action in the technical sense of the term. Stated with reasonable accuracy, it forbids only the introduction of foreign causes of action. A cause of action different from that originally set up, but allied with it and closely related to it, in subject matter, may be added or introduced by way of amendment. So, the new cause of action introduced here, calling for the additional relief of the cancellation as to plaintiff of the two deeds made by A. I. Edens and wife and Thomas B. Rust and wife to Madeline Rust, under the facts in this case, did not involve a departure from the subject of the original bill, but was clearly germane to and consistent with its nature and pur-

628

pose, and was therefore properly allowed. *Rees* v. *Coal Mining Co.*, 88 W. Va. 4; *Cox* v. *Coal & Oil Investment Co.*, 61 W. Va. 291; *Belton* v. *Apperson*, 26 Grat. 207; *Glenn* v. *Brown*, 99 Va. 322.

Perceiving no error in the decree of the lower court, the same is accordingly affirmed.

*Affirmed.*