**Wytheville.**

THOMAS *v.* JONES.

July 8, 1897.

1. TAX TITLES—*Purchasers from auditor—Notice under Acts 1895–'96, page 219.*—The title acquired, in the manner required by law, by a purchaser of real estate which has been previously purchased in the name of the auditor for delinquent taxes can be defeated only by proof that the taxes or levies for which said real estate was sold were not properly chargeable thereon, or that such taxes and levies have been paid. Whether the notice required by Acts 1895–'96, ch. 179, p. 219, to be served on the former owner or his personal representative, has been properly served or not is immaterial.

2. TAXES—*Lien superior to vendor's lien—Sec. 661 of Code.*—Taxes on real estate, though assessed against a vendee subsequent to his purchase, have priority over the vendor's lien for purchase-money. The provision of Sec. 661 of the Code that "the right or title to such estate shall stand vested in the grantee in such deed as it was vested in the party assessed with the taxes or levies on account whereof the sale was made" refers to the character of the title which shall be vested in the grantee, whether it be a fee simple, or otherwise. The purchaser does not take it subject to the liens resting thereon at the time the taxes were assessed.

Appeal from a decree of the Corporation Court of the city of Bristol, pronounced May 7, 1897, in a suit in chancery wherein the appellee was the complainant, and the appellant was the defendant.

*Reversed.*

The opinion states the case.

*Rhea & Peters* and *H. W. Sutherland*, for the appellant.

*Keebler & Martin*, for the appellee.

HARRISON, J., delivered the opinion of the court.

This suit was brought by H. E. Jones, appellee here, to subject to the payment of a vendor's lien a lot in the city of Bristol, conveyed by him in 1890 to F. F. Clark. The lot was sold in 1893 for taxes assessed against it in the hands of Clark, and bought in by the State. After this sale Clark died, and one A. C. Keebler qualified as his administrator. The lot was not redeemed in two years, and John W. Thomas, appellant here, filed his application and became the purchaser thereof under Acts of 1895-6, p. 219, the clerk executing and delivering to him the deed which was duly recorded.

After setting forth these facts the bill alleges that the deed to appellant is not valid, first, because the sergeant of the city of Bristol did not execute the application of appellant to become the purchaser upon the administrator of Clark within said city, but executed it in the State of Tennessee; and second, because the vendor's lien is prior to the tax lien, and that the appellant took the land subject to all liens thereon, and that appellee has the right to subject the same in the hands of appellant to the satisfaction of his vendor's lien.

The answer filed by appellant admits the facts to be as stated in the bill, but denies that the law will afford appellee the relief sought.

The application which was served by the sergeant upon the administrator of Clark in the city of Bristol, but on the Tennessee side of the line, is not in the record. The only defect in its execution pointed out and relied on in the pleadings or referred to in argument is that it was served in the State of Tennessee, and not valid for that reason. We must presume therefore that in all other respects the service was regular.

Acts 1895-6, p. 219, under which appellant made the purchase, provides that if for any reason the officer cannot serve the application then the clerk shall insert a copy thereof in a newspaper for four successive weeks, and that such published notice shall have the same effect as personal service, if the

delinquent does not redeem in the time prescribed. This is equivalent to an order of publication.

Section 3232 of the Code provides that personal service of a summons, *scire facias*, or notice may be made by any person not a party to or otherwise interested in the subject matter in controversy, on a non-resident defendant out of this State, which service shall have the same effect, and no other, as an order of publication duly executed. In such case, the return must be made under oath, and must show the time and place of such service, and that the defendant so served is a non-resident of this State. So that, although executed in the State of Tennessee, the application may have been properly served, if the sergeant was acting as a private individual, and made his return conform to the requirements of sec. 3232. Such a service would have been equivalent to an order of publication and sufficient in this case under Acts 1895-6, p. 219.

Whether or not it would be proper under the circumstances of this case to assume that the service was made in the prescribed mode, we do not decide. It is not necessary here to determine whether the service was defective or not, for if it had been insufficient it would not have invalidated the deed.

The legislature has, presumably with the purpose of making more stable titles acquired under tax sales, provided in section 661 of the Code, which section by the terms of the Acts 1895-6, is made part thereof, that a title acquired as the one in question has been, is "subject to be defeated only by proof that the taxes or levies for which said real estate was sold were not properly chargeable thereon, or that the taxes and levies properly chargeable on such real estate have been paid." It follows from what has been said that no valid objection has been shown to the deed, or to the proceedings which led to its execution.

The second enquiry involves the order of priority between the tax lien and the vendor's lien.

This court has held in *Simmons* v. *Lyle's Adm'r*, 32 Gratt.

752, that taxes are a prior lien to judgments obtained and duly docketed long prior to the date at which the taxes were assessed. There is no distinction, in principle, between the two cases; for the same reason that the tax is held to be prior in dignity to the judgment lien, it must be preferred to the vendor's lien. That taxes are prior in dignity to all other liens must be so from the very necessity of the case, otherwise the State would be powerless to collect her revenue. The liens upon the land would, as in the case at bar, often be greater than the value of the land, and the tax lien being inferior, the land would escape all taxation. The provision in sec. 661 of the Code, that "the right or title to such estate shall stand vested in the grantee in such deed as it was vested in the party assessed with the taxes or levies on account whereof the sale was made," refers to the character of the title that shall be vested in the grantee in such deed, whether it be a fee simple or otherwise. It has no reference to liens, and does not mean, as contended, that the purchaser takes the land subject to the liens resting thereon at the time the taxes are assessed.

The State having bought the lot in question under a sale made to enforce its prior lien for taxes, took the title vested in Clark, and all subsequent liens became thereby extinguished. Appellant having in the prescribed mode become the purchaser from the State, stands in the shoes of the Commonwealth, and holds the lot free from the vendor's lien now asserted against it. The holder of the vendor's lien had the right to protect his lien by paying the taxes, and abundant opportunity was afforded him by the statute, to redeem. Having failed to avail himself of these privileges he cannot now mend his fortune by disturbing the vested rights of others.

For these reasons the decree appealed from must be reversed and annulled, and the bill filed by appellee be dismissed.

*Reversed.*

Buchanan, J., dissents.