100   591
e102  738
e102  744

100   591
e108  618

# Richmond.

## STEVENSON v. HENKLE.

### November 20, 1902.

1. TAX SALE—*Mistake in Name of Land-Owner—Case in Judgment.*—A mistake in the name of the owner of land returned delinquent for the non-payment of taxes which is not calculated to mislead is immaterial, and cannot affect the title of a purchaser of said land at a sale made to enforce the collection of such taxes. In the case in judgment the property was assessed to "Basic City Chilled and Roller Iron Works Co.," whereas the owner's name was "Basic City Chilled Roll and Iron Works." There was no other corporation in that county having a name at all similar. It had paid taxes assessed on the same property in the same name prior to the delinquency. The attention of one who was president, treasurer, and one of the directors of the corporation was called to the delinquency. He knew that the property was to be sold for taxes, and, a few weeks after the sale, knew that the property had been sold for taxes, and promised payment at an early day. Under such circumstances, the corporation could not have been misled to its prejudice by the mistake in its name.

2. ASSESSMENT OF LAND FOR TAXES—*Name of Former Owner—Trust Deed.*—No transfer is made on the land books of land upon which the owner simply gives a deed of trust to secure the payment of money. The land still remains on the land books in the name of the former owner, and is taxed in his name. Section 459 of the Code expressly excepts such deeds from the list to be made for commissioners of the revenue.

3. APPEAL AND ERROR—*Errors Outside the Pleadings—Attention of Trial Court.*—This court will not consider alleged errors outside of the case made by the pleadings, and not shown to have been brought to the attention of the trial court.

4. TAX DEEDS—*How Purchaser's Title Defeated.*—Under Code, section 661, as amended, the title of a purchaser at a tax sale who has obtained a deed from the Commonwealth can only be defeated by

showing that the taxes for which the land was sold were not properly chargeable thereon, or that those properly chargeable have been paid, or that the notice required by that section has not been given, or that the purchaser has prevented payment or redemption by fraud or concealment.

5. TAX SALE—*Prior Encumbrances.*—The lien for taxes assessed on land is superior to a prior deed of trust to secure the payment of money. Tax sales are made clear of prior encumbrances.

Appeal from a decree of the Circuit Court of Augusta county, pronounced February 4, 1902, in a suit in chancery, wherein the appellant, suing on behalf of himself and others, was the complainant, and the appellee, F. L. Henkle, and others, were the defendants.

*Affirmed.*

The opinion states the case.

*J., J. L., & R. Bumgardner,* for the appellant.

*Elder & Elder* and *J. M. Perry,* for appellee, F. L. Henkle.

HARRISON, J., delivered the opinion of the court.

By deed dated November 5, 1895, the Basic City Chilled Roll and Iron Works, a corporation created by the laws of Virginia, became the owner of the property involved in this controversy, consisting of about four acres of land and improvements thereon, situated at Basic City, Virginia.

On the 5th day of December, 1895, that company conveyed the property to the Central Trust Company, of Camden, N. J., in trust to secure one hundred bonds of $1,000 each. This deed of trust was recorded in the County Court clerk's office of Augusta county.

Under the head of "Table of Town Lots in the Town of Basic City, in the County of Augusta, in South River Magisterial District," this property was assessed for taxation in the name of "Basic City Chilled and Roller Iron Works Company." The

taxes for 1897 being delinquent, it was listed for the non-payment of taxes in the same name in which it was assessed, and advertised in that name for sale by the treasurer of Augusta county.   At the sale, on the 26th day of December, 1898, between the hours of ten in the morning and four in the afternoon, the property was knocked down at public auction to F. L. Henkle for the sum of $62.74, that being the amount due the treasurer thereon.   On the 5th day of February, 1901, after the period allowed for redemption had expired, the purchaser at the tax sale obtained from the clerk of the County Court a deed of conveyance, and had the same duly recorded.   It appears from this deed, regular on its face, that all formalities preceding its execution, required by law, had been complied with.

The appellant, who is a lien creditor of the Basic City Chilled Roll and Iron Works, secured by and claiming under the deed of trust already mentioned, instituted this suit in March, 1901, to have the tax title deed to the appellee, F. L. Henkle, declared void upon certain grounds set forth in the bill, and, if the deed should be held valid, then to have the lien of the trust deed, under which appellant claims, declared prior in dignity to the lien of the taxes for the enforcement of which the sale, resulting in the tax title deed, was made.   The bill assails the deed under which appellee claims upon the ground, first, that prior to the close of the redemption period, the Basic City Chilled Roll and Iron Works was informed of the tax sale and determined, in accordance with its duty in the premises, to redeem the property, and that, in pursuance of this purpose, the attorney and agent of the company agreed with Henkle, the purchaser, that he should be paid $76.08, an amount somewhat in excess of the sum to which he would be entitled under the statute, and that, in consideration thereof, Henkle agreed to cancel and surrender all rights acquired by him as purchaser at the tax sale; and that, in accordance with this agreement, a tender of the sum agreed

upon was made to Henkle, who refused to accept it. The bill prayed that Henkle should be required to accept the $76.08, which had been kept intact, and carry out his agreement by releasing and surrendering his rights under the tax title deed.

In his answer the appellee, Henkle, broadly and emphatically denies that he ever made the alleged agreement, or that such a proposition was ever, at any time, made to him. There is no evidence in the record tending to support this allegation. On the contrary, it seems to have been abandoned both here and in the court below.

The second ground of objection to the deed, alleged in the bill, rests upon the proposition that, in the assessment of this property, there was an error in the name of its corporate owner; that the name of the owner at the time of assessment was "Basic City Chilled Roll and Iron Works," while the assessment was to the "Basic City Chilled and Roller Iron Works Company." On account of this variance in name, it is further alleged that the appellee only acquired such estate as was vested in the person assessed with the taxes, and that as the taxes were assessed against the Basic City Chilled and Roller Iron Works Company, and the property sold as the property of that company, there passed to Henkle, as the result of such assessment and sale, only such property as was vested in a corporation or partnership of that name; and as no corporation or partnership bearing the name of "Basic City Chilled and Roller Iron Works Company" existed, having any interest in or right to the property in question, no right or title passed by virtue of the tax title deed to the appellee.

In the petition for appeal it is further contended that this error in the name of the company constitutes a material irregularity that nullifies all subsequent proceedings; that it was in effect a failure to give notice to the true owner of the land of its assessment for taxation, its return as delinquent, its advertisement for sale, its sale, and the successive steps leading to the execution, delivery, and recordation of the deed to appellee.

The authorities generally hold that if a mistake in name is not calculated to mislead it is immaterial, and will be disregarded. The underlying principle in such cases is that a person whose property is liable to assessment for taxes shall not be permitted to evade payment of his just proportion of the public burden by any errors, omissions, or irregularities that do not prejudice his rights. *Westhampton* v. *Searle*, 127 Mass. 502; *Lyle* v. *Jacques*, 101 Ill. 645; *State* v. *Mathews*, 40 N. J. Law, 269; *Thorndike* v. *Camden*, 82 Me. 39; *State* v. *Diamond Valley Live Stock Co.*, 21 Nev. 86; *O'Neal* v. *Va. & Md. Bridge Co.*, 18 Md. 1.

In the case at bar the assessment reads: "Basic City Chilled and Roller Iron Works Company," instead of "Basic City Chilled Roll and Iron Works." This variation in the name in which the property is assessed from the exact style of the company is too slight to have possibly misled the Basic City Chilled Roll and Iron Works to its prejudice; and, as a matter of fact, it is abundantly shown that it did not do so. There is no evidence tending to show that the purchaser at the tax sale was guilty of any fraud, concealment, or wrong doing. It is not pretended that the taxes for which the property was sold were not chargeable thereon; or that they had been paid.

The contention is that because the owner of the property is described in the assessment, advertisement, and sale as the "Basic City Chilled Roller and Iron Works Company," instead of "Basic City Chilled Roll and Iron Works," all proceedings culminating in the deed to appellee are a nullity. That the Basic City Chilled Roll and Iron Works had full notice of these proceedings is not denied. Indeed, it is admitted in the bill that appellant knew of the sale for taxes, and intended to redeem the property. The record shows that there was no other company with like name, or one at all similar, doing business or owning property in Basic City, or Augusta county. It further shows that the property had before 1897 been assessed in

the same manner that it was for 1897, and the taxes paid by the owner. It further appears that prior to the return of the property as delinquent for the non-payment of taxes, the treasurer of the county called the attention of D. K. Joslin, who was the president, treasurer, and one of the directors of the company to which the property belonged, to the fact that the taxes for 1897 were past due and unpaid, and that unless they were paid the property would be returned delinquent. It further appears that the property was duly advertised for sale, and that, in addition to the usual advertisement, the treasurer mailed a copy of the advertisement to D. K. Joslin, and received a letter from Joslin, dated February 4, 1899, in which he says: "I have not as yet heard from you, as I expected, but hope that you stopped the sale. . . . . Please send me statement of taxes due on properties at Basic City known as Match Factory, Chilled Rolled Works, and Paper Fabriqui, as my intention is to see that all these taxes are paid at an early date." The treasurer says he is sure that in reply to this letter he told Joslin that the "Chilled Roll Works" had been sold as advertised, and that from time to time afterwards he called his attention to the fact that the property had been sold, and suggested that he redeem it. A copy of the advertisement is in the record, and its sufficiency to give the Basic City Chilled Roll and Iron Works full notice of every fact material to be known by it in connection with the sale is plain. Besides, as already seen, it is clear that Joslin, president, treasurer, and director of the company, actually knew that the property was to be sold; knew a few weeks after the sale that the property had been sold, and promised to pay the taxes at an early day. Under such circumstances it cannot be successfully maintained that the "Basic City Chilled Roll and Iron Works" was misled or prejudiced by the slight and immaterial change of its corporate name by the officers of the law in their efforts to enforce the collection of the public revenue. The appellant, realizing this, makes the further con-

tention in his petition that the legal title to this property was in the Central Trust Company, and the beneficial ownership in the creditors secured by the deed of December 5, 1895; that the Basic City Chilled Roll and Iron Works only owned an equity of redemption, and that the property should have been assessed in the name of the trustee or the beneficiaries under the trust deed, or both, in such manner as to give them notice of the delinquency, advertisement, and sale. This contention is without merit. No such mode of assessing property is known to our law. On the contrary, section 459 of the Code provides that the clerk of every county or corporation court shall annually make out a list of all deeds for the partition and conveyance of land, giving the names of the grantors and grantees, *except deeds of trust and mortgages to secure the payment of debts.* These lists are sent to the Auditor of Public Accounts, and delivered by the clerk to the commissioners for their guidance in assessing property. The other sections of the Code are in harmony with section 459, and exclude, by implication, the idea that property must be assessed in the name of the trustee in a deed of trust to secure debts, or in the names of those secured in such deed. The transfer to the trustee was not made for the purposes of taxation, but the taxes were, after the trust deed, as before, assessed properly in the name of the grantor in the trust deed.

Other grounds of objection to the proceedings culminating in the tax title, and under which the appellee claims, are assigned in the petition, and urged in argument, but they need not be considered for two reasons. First, they are outside of the case made by the pleadings, and there is nothing in the record to show that they were ever brought to the attention of the court below. We can only consider such alleged errors as are involved in the record, and have been considered and passed on by the lower court. *Union Bank* v. *City of Richmond,* 94 Va.

316. Second, even if these objections were within the case made by the pleadings they could not avail appellant under the express language of the statute. Code, section 661, as amended by Acts 1899-1900, p. 1234; *Thomas* v. *Jones,* 94 Va. 756; *Virginia Coal Co.* v. *Thomas,* 97 Va. 527.

These two decisions are controlling authority in this case for the conclusion that no valid objection has been shown to the deed in question, or to the proceedings which led to its execution.

The only remaining contention involves the order of priority between the tax lien and the lien of appellant under the deed of trust.

It is well established that the tax lien has priority, and that a tax sale is made clear of prior encumbrances. *Simmons* v. *Lyle,* 32 Gratt. 752; *Com.* v. *Ashlin,* 95 Va. 145; *Thomas* v. *Jones, supra.* These cases hold that the tax is superior in dignity to judgment liens, and to the vendor's lien. There is no distinction in principle between the cases, for the same reason that the tax is held to be superior in dignity to a judgment lien and a vendor's lien, it must be paramount to a deed of trust lien. Indeed, it is said in *Thomas* v. *Jones, supra,* that taxes are prior in dignity to all other liens, must be so from the very necessity of the case, otherwise the State would be powerless to collect her revenue. The liens upon the land would, as in the case at bar, often be greater than the value of the land, and the tax lien being inferior, the land would escape all taxation. The provision in section 661 of the Code, that "the right or title to such estate shall stand vested in the grantee in such deed as it was vested in the party assessed with the taxes or levies on account whereof the sale was made," refers to the character of the title that shall be vested in the grantee in such deed, whether it be a fee simple or otherwise. It has no reference to liens, and does not mean, as contended, that the purchaser takes the land

subject to the liens resting thereon at the time the taxes were assessed.

For these reasons we are of opinion that there is no error in the decree complained of, and it must be affirmed.

*Affirmed.*