# Richmond

## ASHBROOK v. BAILEY AND OTHERS

### March 12, 1914.

#### Absent, *Cardwell, J.*

1. TAXATION—*Delinquent Lands—Sale—Title of Purchaser.*—Under the statutes of this State, a purchaser at a sale of land delinquent for taxes only acquires such estate as was vested in the person assessed with the taxes at the commencement of the year for which the taxes were assessed, or in any person claiming under such party. If such party at the time had no title, then the purchaser at the tax sale acquires none.

2. TAXATION—*Delinquent Lands—Sale—When Title Vests.*—Even where a lawful sale of delinquent land is made, by the terms of section 661 of the Code, the right or title to the estate does not vest until the purchaser or his heirs or assigns have obtained a deed therefor and had the same duly admitted to record.

3. LANDLORD AND TENANT—*Severance of Relation—Proof.*—The law jealously guards the relation of landlord and tenant, and demands clear proof of the severance of that relation before the tenant's allegiance and possession can be transferred to an adverse claimant.

4. LIMITATION OF ACTIONS—*Delinquent Lands—Deeds—Suit to Set Aside.*—The two years limitation prescribed by section 661 of the Code to suits to set aside deeds except for fraud applies only to persons against whom the taxes are assessed and those claiming under them, and not to third persons with respect to whom the sale and deed are void *ab initio.*

Appeal from a decree of the Circuit Court of Chesterfield county. Decree for defendants. Complainant appeals.

*Reversed.*

The opinion states the case.

*Samuel A. Anderson* and *John B. Gayle,* for the appellant.

*George Mason,* for the appellees.

WHITTLE, J., delivered the opinion of the court.

This is a suit in equity in the Circuit Court of Chesterfield county, brought by the appellant, F. S. Ashbrook, against the heirs at law of J. H. Bailey, deceased, and certain descendants of Thomas Ashbrook, deceased, to declare null and void a tax deed, purporting to convey the legal title to the 198 acres of land in controversy to the Bailey heirs, and to set aside the deed as constituting a cloud on the true title to the land and to partition the same among the parties entitled thereto. From a decree dismissing the bill this appeal was granted.

The material facts necessary to be noticed in the view which we take of the case are these: Thomas Ashbrook, the former owner, by his will, which was admitted to probate April 9, 1832, devised the land to his wife, Edna Ashbrook, as long as she should remain his widow. The will further states that at the death of his wife testator desired his land to be sold and the proceeds equally divided among all his children. Edna Ashbrook died about the year 1846, and the children elected to take the land in kind, and several of them lived and died thereon. For the year 1879 the land was charged on the land books to the estate of ''Edna Ashbrook in fee,'' and for the year 1883 to ''Edna Ashbrook in fee. Residence of the owner of the tract of land unknown.'' At that time the land was owned in fee simple by the lineal descendants of the testator, Thomas Ashbrook. On February 11, 1884, J. H. Bailey qualified as the guardian of the infant children of his

brother, Joseph Bailey, who intermarried with Mollie
Ashbrook (who was a descendant of Thomas Ashbrook)
both parents having died prior to 1884.

In 1886 the land was sold for the delinquent taxes of
1879 and 1883, and purchased by J. H. Bailey for $13.21,
being the amount of taxes, interest, commissions and
costs.  J. H. Bailey lived for about twenty years after
the tax sale, yet he never took a deed to the land, and,
so far as the record discloses, never attempted to have
such deed executed.  A course of conduct so contrary
to that ordinarily pursued by purchasers at tax sales
gives color at least to the contention of appellants, that
he never intended to take a deed to himself or to claim
any beneficial interest under the purchase, but merely
redeemed land in which his wards (his nephews and
nieces) had a joint estate with the other owners, out of
their funds in his hands as guardian.  There was no
such procrastination on the part of J. H. Bailey's
heirs, for shortly after his death, in the spring of 1906,
they took steps to obtain a deed, and the clerk of the
Circuit Court of Chesterfield county made the convey-
ance to them on November 6, 1906.  The present suit
was brought four years later.

Under Virginia Code, 1904, section 661, a purchaser
at a sale of land delinquent for taxes only acquires such
estate as was vested in the person assessed with the
taxes at the commencement of the year for which the
said taxes were assessed, or in any person claiming
under such party.  The statute by authority of which
this sale was made was substantially the same.  Code,
1849, Ch. 37, sec. 22; Code, 1873, Ch. 38, sec. 26; Acts
1875-6, Ch. 165.

As early as the case of *Yancey* v. *Hopkins,* 1 Munf.
(15 Va.) 419, (decided in October 1810) Judge Tucker
in delivering the opinion of the court (in a case undis-

tinguishable from the case in judgment in its facts) held, that where land owned by a son in fee under a devise from his father was erroneously listed for taxation in the name of his mother, testator's widow, and in her name returned as delinquent and sold, the purchaser at such sale acquired no other right or title than was vested in the party assessed with the taxes. The widow's interest in the land had ceased at the date of the assessment and sale, and the title of the true owner, the son, was established against the vendee, with notice, of the purchaser at the tax sale in a suit brought six years after the plaintiff attained his full age.

So in the case of *Gates and Clark* v. *Lawson,* 32 Gratt. (73 Va.) 12, the facts were these: In 1864, Terry sold and conveyed a tract of land in Patrick county to Robertson and Buchanan, who failed to record their deed until 1874. The land continued to be assessed in Terry's name, and in 1873 was sold for delinquent taxes so assessed for 1865, and was purchased by Gates and Clark. Gates and Clark thereupon brought ejectment against Robertson and Buchanan and their tenant, Lawson, to recover the land. To an adverse judgment of the circuit court the plaintiffs were granted a writ of error by this court. It was held that the purchasers took only such title as Terry had on January 1, 1865, and as on that day he had no title, having previously sold the land to Robertson and Buchanan, Gates and Clark took nothing by their purchase. Christian, J., in delivering the opinion of the court, says: "If such party at the time had no title, then the purchaser at the tax sale acquires none. If such statute be inefficient, it is for the legislature to amend it, and make it more efficient. This court can only declare what the law is, not what it ought to be. All we can say is, *'Ita est scripta lex.'* "

The foregoing interpretation of the statute has been consistently adhered to by this court in subsequent decisions. *Thomas* v. *Jones,* 94 Va. 756, 27 S. E. 813; *Hotchkiss* v. *Middlekauf,* 96 Va. 649, 32 S. E. 36, 43 L. R. A. 806; *Va. Coal Co.* v. *Thomas,* 97 Va. 527, 34 S. E. 486; *Stevenson* v. *Henkle,* 100 Va. 591, 42 S. E. 672.

We cannot suppose that the General Assembly has for all these years remained in ignorance of the interpretation placed by the courts on the statute now incorporated in section 661 of the Code; and since they have not seen fit to amend it more materially than they have done, we must assume that it is the legislative will to leave the law as the courts have construed it.

We do not deem it necessary to discuss at any length the contention that J. H. Bailey acquired title to the land by adverse possession under claim of right. Even where a lawful sale is made of delinquent land, by the terms of section 661, the right or title to the estate does not vest until the purchaser or his heirs or assigns have obtained a deed therefor, and the same has been duly admitted to record. In this instance, as we have seen, the transaction was a nullity from the beginning. It is not necessary for us to decide whether a sale of that kind furnishes such color of title or claim of right as would, if accompanied by possession for the requisite length of time, ripen into a good title. At the time of the tax sale the land was in possession of a tenant of the descendants of Thomas Ashbrook, and the possession relied on by the appellees is the continued possession of that tenant, under an alleged attornment to the new landlord, J. H. Bailey. The law jealously guards the relation of landlord and tenant, and demands clear proof of the severance of that relation before the tenant's allegiance and possession can be transferred to an adverse claimant. *Neff* v. *Ryman,* 100 Va. 521, 42 S.

E. 314 and cases cited. Yet the evidence relied on for that purpose is unreliable and inconclusive and falls far short of the measure of proof required.

The two years limitation prescribed by section 661 to suits to set aside deeds except for fraud applies only to persons against whom the taxes are assessed and those claiming under them, and not to third parties with respect to whom the sale and deed are void *ab initio*.

For the foregoing reasons we are of opinion that the decree appealed from is erroneous, and it must be reversed and the case remanded for further proceedings to be had therein in accordance with the views expressed herein.

*Reversed.*