## Wytheville

### LACKS AND OTHERS v. LATHAM AND OTHERS

#### June 11, 1914.

1. TAX DEED—*Sale—Acknowledgment.*—A conveyance of delinquent land by the clerk of a court concluding "witness my hand and seal of the court," with a seal annexed is good as a deed. The words "of the court" are merely superfluous and may be rejected. Moreover, the failure to recognize the scroll in the body of the instrument at all is cured by its solemn recognition by the grantor at the time of acknowledgment for record inasmuch as the writing is required by statute to be sealed.

2. TAX DEED—*Recitals—Circumstances Relating to Sale.*—When land purchased by the Commonwealth for delinquent taxes is sold to another, the "circumstances" required by section 666 of the Code to be set forth in the deed to the purchaser, are the circumstances in relation to the sale by the Commonwealth to the applicant to purchase under that section, and are different from those required by section 665 for deeds to land purchased from the treasurer by parties other than the Commonwealth. When a purchaser under section 666 has obtained his deed and had it recorded, the title vested in the grantee is subject to be defeated only by proof of one or more of the causes set forth in section 661, none of which exists in the case at bar.

Error to a judgment of the Circuit Court of Halifax county in an action of ejectment. Judgment for the plaintiff. Defendants assign error.

*Reversed.*

The opinion states the case.

*Guthrie & Dejarnette,* for the plaintiffs in error.

*Booker & McKinney,* for the defendants in error.

WHITTLE, J., delivered the opinion of the court.

The defendants in error, plaintiffs below, brought an action of ejectment against the plaintiffs in error to recover a tract of 100 acres of land situated in Halifax county, Virginia. At the trial the plaintiffs asserted title to only one-half of the land, and there was a verdict and judgment in their favor for an undivided half only. To that judgment this writ of error was granted.

The entire tract of land was sold by the treasurer of Halifax county for delinquent taxes and purchased in the name of the Auditor of Public Accounts for the benefit of the Commonwealth. The land not having been redeemed was purchased by J. T. Lacks, under whom the defendants claim, who made application to the county court of the county at the January term, 1903, to be allowed to complete his purchase without a survey and report by the county surveyor. The court granted the motion, being of opinion that a sufficient description of the land to identify the same could be obtained from the records without additional survey and report, and dispensed with such survey and report and ordered the clerk of the court to make the purchaser a proper deed to the land with covenant of special warranty. The deed was accordingly made by the clerk January 29, 1904, and duly acknowledged by him February 2, 1904, before a notary public, and admitted to record.

There are several subordinate assignments of error, but the action of the court in sustaining the plaintiffs' objection to the introduction of the clerk's deed in evidence is controlling, and alone demands special notice.

The grounds of objection to the deed are: (1) That it is not sealed: and (2), that it is invalid and incapable of passing title to J. T. Lacks because it does not comply with the requirements of section 666 of the Code, in that

it omits to set out "all the circumstances appearing in the clerk's office in relation to the sale."

. 1.   The first ground of objection rests upon the fact that the deed concludes: "Witness my hand and seal of the court, the day and year first above written.   Thomas Easley, Clerk, (Seal)."

Admittedly the instrument would have been free from objection if the words "of the court" had been omitted. Those words, it will be observed are not necessary to give meaning to the paper, and neither their presence nor absence can affect its validity.   They are, in short, merely superfluous, and may be rejected. *Utile per inutile non vitiatur.*   Besides, the omission to recognize the scroll as a seal in the body of the instrument *at all* would have been cured by its solemn recognition by the grantor at the time of acknowledgment for record, inasmuch as *the writing* is required by statute to be sealed. *Parks* v. *Hewlett,* 9 Leigh, (36 Va.) 511; *Ashwell* v. *Ayres,* 4 Gratt. (45 Va.) 283; *Clegg* v. *Lemessurier,* 15 Gratt. (56 Va.) 108; 2 Minor on Real Property, sec. 1139.

The rule is succinctly stated in 1 R. C. L. sec 22, p. 261, as follows: "One who acknowledges an instrument required to be under seal is deemed to adopt a seal affixed thereto by another's hand, just as effectually as he adopts the signature when written by another person, and for the same reasons."

We are unwilling to adopt a rule of construction, the effect of which would be to subordinate substance to form and defeat a substantial right upon a bare technicality, and especially as the better right is sustained by the better reason.

. 2.   The second contention is that the clerk's deed to the purchaser is invalid because it does not comply with the requirements of section 666 of the Code and set out all the circumstances appearing in the clerk's office in relation to the sale.

In that connection a distinction is to be observed between the requirements of section 665 with respect to deeds by the clerk to land sold by the treasurer for delinquent taxes under sections 638 and 639 and purchased by parties other than the Commonwealth, and the requirements of section 666 in regard to such deeds to land previously sold under section 638 and bought by the treasurer in the name of the Auditor of Public Accounts for the benefit of the State, etc., under section 662, and which not having been redeemed is sold under section 666. In the former case the statute was construed in *Coles* v. *Jamerson,* 112 Va. 311, 71 S. E. 618. The requirement in each instance is that the deed shall "set forth all the circumstances appearing in the clerk's office in relation to the sale." But the circumstances with respect to the two classes of sales are essentially different. The "circumstances" referred to in section 666 mean the circumstances in relation to the sale made by the Commonwealth to the applicant to purchase under that section. The section also declares that section 661 shall apply to deeds made under authority thereof; and the latter section provides that when the purchaser has obtained his deed and it has been duly admitted to record, the title to the land shall stand vested in the grantee, "subject to be defeated only by proof, (one) that the taxes or levies for which said real estate was sold were not properly chargeable thereon; or (two) that the taxes and levies properly chargeable on such real estate have been paid; or (three), that . . notice of the application to purchase . . has not been duly given; or (four), that the payment or redemption of said real estate was prevented by fraud or concealment on the part of the purchaser." And the limitation to suits under that section, except for fraud, is two years. No such grounds of defeasance appear in this case. *Thomas* v. *Jones,* 94 Va. 756, 27 S. E.

813; *Parsons* v. *Newman,* 99 Va. 298, 38 S. E. 186; *Va. B. & L. Co.* v. *Glenn,* 99 Va. 460, 39 S. E. 136; *Wright* v. *Carson,* 110 Va. 498, 66 S. E. 37.

Professor Minor in his work on Tax Titles thus distinguishes between sales under section 666 and the original tax sale: "The Commonwealth may do what it pleases with its own, and if the legislature sees fit to dispense with notice to the owner, it may dispose of its title privately. This constitutes the great difference between the notice required by law preliminary to the original tax sale, and that required as preliminary to the re-sale by the Commonwealth. In the former case, the property is the owner's and he cannot be deprived of it without notice; in the latter case the property is the State's, and the legislature may dispense with notice altogether." Minor on Tax Titles, p. 84.

Again, the learned author, at p. 85, says: "The Commonwealth will be deemed to have acquired the title at the time of the tax sale, and any subsequent omission of steps prescribed by statute will not invalidate that title, such steps being construed as merely directory. A re-sale, therefore, under this construction would convey to the purchaser such title as the Commonwealth has, not subject to be defeated by proof that any subsequent steps, so long as the State retains its title, have been omitted."

The deed in question complies with the requirements of section 666, and the trial court erred in refusing to admit it in evidence.

For the foregoing reasons, the judgment must be reversed, the verdict of the jury set aside and the case remanded for a new trial conformable to this opinion.

*Reversed.*