## Wytheville.

### Roller v. Cooley and Others.

June 8, 1916.

Absent, Keith, P.

1. Tax Sale—*Delinquent Lands—Second Sale—Redemption.*—After he purchase by the Commonwealth of lands sold for delinquent taxes, the former owner and those claiming under him, have only a right of redemption in the land which must be exercised in the mode prescribed by law. Until redeemed there can be no further sale for taxes, nor can the owner before redemption maintain a suit to vacate a second sale for delinquent taxes, or to remove an alleged cloud upon his title by reason of such sale, as the whole title, legal and equitable, is vested in the Commonwealth by the first sale.

2. Tax Deed—*Recitals—Second Sale—Redemption—Title of Purchaser—Case in Judgment.*—By deed recorded January 21, 1910, the clerk conveyed to a purchaser a lot which had been purchased by the Commonwealth at a sale for delinquent taxes. The deed recited the sale of the lot on January 1, 1909, as having been delinquent for taxes and sold therefor more than four years prior to January 1, 1909, and purchased by the Commonwealth. The land had been previously sold December 22, 1896, as delinquent for the non-payment of the taxes of 1895 The appellant purchased from the former owners all their interest in the land by deed bearing date January 29, 1911, and recorded July 10, 1911, and brought this suit to have removed as a cloud on his title the above mentioned deed from the clerk to the purchaser from the Commonwealth. A demurrer to the bill was sustained on the ground that the land had never been redeemed by the owner from the sale in 1896, and hence he had no right to maintain the suit. Thereupon the bill was amended by alleging a redemption from the sale of 1896 "since the filing of the original bill." A demurrer to the bill as amended was also sustained.

*Held:* The ruling on the demurrer was correct. The Commonwealth had parted with all its title to the purchaser of the land before the original suit was instituted and there was no title left in it to be redeemed by the former owner, whose title had been transferred to such purchaser, whose deed was regular on its face and duly recorded.

3. Tax Deeds—*Recitals—Facts and Circumstances Required by Acts 1906, page 41.*—The facts and circumstances required to be set forth in the deed made pursuant to the act of 1906 (Acts 1906, p. 41), are only such as are required by that act, and when once a sale has been made by the Commonwealth under the act, and the deed to the purchaser has been executed and the same has been admitted to record in the county in which the land lies, as was done in this case, the title to the land so conveyed and transferred to the grantee, can be defeated only by proof that the taxes or levies for which said real estate was sold to the Commonwealth were not properly chargeable thereon, or that the taxes and levies chargeable on such real estate have been paid.

4. Tax Deeds—*Recitals—Land Purchased from the Commonwealth Under Section 666 of Code—Case in Judgment.*—There is a distinction between deeds made by the clerk to land sold by the treasurer for delinquent taxes under sections 638 and 639 of the Code and purchased by others than the Commonwealth, and the requirements of section 666 in regard to deeds to lands previously sold under section 638 and bought in by the Commonwealth under section 662, and which, not having been redeemed, are sold and conveyed to a purchaser under section 666. The circumstances referred to in section 666 mean the circumstances in relation to the sale made by the Commonwealth to the applicant to purchase under that section, and section 661 applies to deeds made under the authority of section 666. The deed under consideration complies with the requirements of section 666 and has been duly admitted to record, and as none of the grounds upon which its validity might have been attacked appear in the case, the deed is a valid conveyance of the land to the grantee.

Appeal from a decree of the Circuit Court of Rockingham county. Decree for the defendant. Complainant appeals.

*Affirmed.*

The opinion states the case.

*John E. Roller*, for the appellant.

*Charles A. Hammer* and *Sipe & Harris*, for the appellees.

CARDWELL, J., delivered the opinion of the court.

The appellant, John E. Roller, in his original bill
filed in this cause against appellees, C. B. Cooley,
John W. Liskey and John Acker, executor of John H.
Ralston, deceased, alleges that by deed of date June
29, 1911, John W. Liskey and John H. Ralston, for a
consideration of $20 cash in hand paid, conveyed to
him lot 18 of block 12, as it appears upon the Broad-
way Land and Improvement Company's plat of the
addition to the town of Broadway; that prior to this
conveyance D. H. Martz, clerk of the Circuit Court of
Rockingham county, by deed recorded January 21,
1910, conveyed said lot to said Cooley, he having
become the purchaser thereof from the Commonwealth
of Virginia at a delinquent tax sale held under the pro-
visions of an act of Assembly approved February 23,
1906, which deed recites the sale of the lot on the 1st
day of January, 1909, as having been delinquent for
taxes and sold therefor more than four years prior to
January 1, 1909, and purchased by the Common-
wealth; that Cooley, after a tender had been made to
him of all taxes paid and costs incurred and paid by
him, with interest thereon, refused to release his claim
to the lot, and that said tax deed constituted a cloud
on the title of complainant who is in possession of the
lot and brings this suit to remove such cloud from his
title.    The bill, after pointing out certain alleged
defects on the face of the deed from Martz, clerk, to
appellee, Cooley, further alleged that the deed was
void upon the ground that no title passed to appellee
"under the deed from Martz, clerk, because of the
fact that on the 22nd day of December, 1896, the said
lot, to-wit, lot 18, in block 12, was sold as delinquent
for taxes in the name of John W. Liskey and John H.
Ralston for the taxes of 1895 and bought by the Com-
monwealth, as will appear from the certificate of the

clerk of the Circuit Court of Rockingham county filed with the bill."

To this original bill appellee, Cooley, demurred, upon the ground that if it be true that the lot was sold on December 22, 1896, to the Commonwealth, it did not appear that the same had been redeemed by the appellant, or his predecessors in title, which was essential before this suit instituted by him could be maintained; whereupon, appellant filed an amended and supplemental bill, alleging that "since the filing of the original bill of complaint in this court the lot of land described therein as having been sold on the 22nd day of December, 1896, as delinquent for the taxes of 1895 and bought by the Commonwealth has been redeemed by John W. Liskey, one of the owners thereof, and that the necessity for such redemption escaped the attention of the complainant, or it would have been attended to before the institution of this suit." The prayer of the amended bill is the same as in the original bill, viz.: that the tax deed from Martz, clerk, to Cooley be set aside, and the cloud upon the title of the complainant to the lot in question, be removed, with costs, and that John W. Liskey and the said executor of John H. Ralston, deceased, be required to redeem said lot from any unpaid taxes, etc.

Cooley again appeared and demurred to the original and the amended and supplemental bill, which demurrer the court sustained, and decreed that said bills be dismissed, and from that decree this appeal was granted, the petition therefor assigning as error the ruling of the circuit court sustaining the demurrer to said bills of complaint and dismissing same with costs.

In arguing the law of the case, appellant in his petition sets forth two objections only to the validity of

the tax deed under which appellee, Cooley, claims title to the lot in question, and they are stated as follows:

"I.   The first objection to the validity of said tax deed is found in the fact that the resale of this lot as delinquent for the non-payment of taxes as aforesaid, and bought by the Commonwealth, the second time, the said lot having been sold at the first sale thereof on the 22nd of December, 1896, as delinquent for the non-payment of taxes for 1895, and bought in by the Commonwealth, thereby divesting both the legal and equitable title out of the owners and leaving it vested in the Commonwealth, so that the only interest which the former owners and those claiming under them had at the time of the said second sale for taxes was a right of redemption, and, until redeemed, there could be no further sale for taxes, and a deed made in pursuance thereof to the purchaser under the second sale merely cast a cloud upon the title, which the former owners had the right to have removed, after having redeemed the land under the first sale."

"II.   But beside this objection to this tax sale and deed a tax deed may be defective and invalid on its very face; and the reason given for the invalidity of the deed in question is that it does not set forth all the facts appearing of record in the clerk's office in relation to the sale."

It will be observed from the allegations of the original bill that Liskey and Ralston, appellant's grantors, were divested of all title, legal or equitable, to the lot by the sale thereof to the Commonwealth for delinquent taxes on the 22nd of December, 1896; that the Commonwealth had by its sale thereof on the 18th day of January, 1909, to appellee, Cooley, divested itself of all interest therein; that upon the execution, delivery and recordation of the deed from Martz,

clerk, of date January 19, 1910, all interest that the Commonwealth possessed in or to the lot passed to the grantee, Cooley, that interest being the fee simple title which was possessed by Liskey and Ralston, on the day the taxes for 1895 were assessed against it; so that if the sale of the lot for taxes assessed thereon subsequent to the first purchase of the lot by the Commonwealth, which is alleged to have taken place December 23, 1903, and the lot again purchased by the Commonwealth, should be regarded as a void sale, still the title to the lot would nevertheless have remained in the Commonwealth at the time of the execution, delivery and recordation of the deed from Martz, clerk, to appellee, Cooley, and all interest that the Commonwealth possessed in or to the lot passed to him; that interest being the fee simple title which was possessed by Liskey and Ralston on the day the taxes for 1895 were assessed against the lot, they, nor any one for them, having redeemed or attempted to redeem the lot prior to the conveyance of it to appellee, Cooley, or prior to the institution of this suit.

"After the purchase by the Commonwealth of lands sold for delinquent taxes, the former owner and those claiming under him, have only a right of redemption in the land which must be exercised in the mode prescribed by law. Until redeemed there can be no further sale for taxes, nor can the owner before redemption maintain a suit to vacate a second sale for delinquent taxes, or to remove an alleged cloud upon the title by reason of such sale, as the whole title, legal and equitable, is vested in the Commonwealth by the first sale." *Parsons* v. *Newman,* 99 Va. 288, 38 S. E. 186; *Glenn* v. *Brown,* 99 Va. 323, 38 S. E. 189; *Baker* v. *Buchner,* 98 Va. 368, 38 S. E. 280.

It appearing on the face of the bill filed in this cause that the title to the lot of land in question had passed out of appellant's grantors into the Commonwealth of Virginia, and that neither they not their grantee had ever attempted to redeem the land in the mode prescribed by law, this suit could not be maintained at the time it was instituted; and the appellant's position is made none the better by the attempted redemption of the land set forth in his amended and supplemental bill, for the reason that the Commonwealth had then, in accordance with the provisions of the act of 1906, *supra*, sold and conveyed the lot to appellee, Cooley, and had thus divested itself of all interest therein, and there was no title remaining in the Commonwealth to be redeemed.

The act of 1906 is complete within itself, its title being "An act to authorize the sale of lots purchased by the Commonwealth for delinquent taxes and not redeemed within four years or more;" and the objects of the act are clearly set forth in the preamble thereto; therefore, the validity of the title of appeelle to the lot here in question necessarily has to be determined upon the construction to be given to that act, and the remedies afforded thereby to the former owners of lots sold pursuant to the act to redeem.  Sections from 1 to 8, inclusive, provide in detail for all the steps to be taken and proceedings had up to and including a confirmation by the court of such sales as may have been made by the treasurer of the county, city or town, as the case may be; and sections 9 and 12, which are pertinent to the issue in this case, are as follows:

9.  "Any person aggrieved by reason of the confirmation of such sales, or the treasurer, on his motion, where a mistake has been made, may apply to the circuit court of the county or corporation court of the

city of the treasurer who made such sale at any time previous to the execution of the deed hereinafter provided for and upon showing that the taxes and levies assessed upon such real estate are not for any cause justly due, or that the said real estate is not liable for the same, such court may set aside and annul such sale and exonerate such real estate from such taxes and levies, and order the restitution of the purchase money to the purchaser, and make such order or orders as may be just and proper."

12. "When the purchaser of any real estate so sold, his heirs or assigns, has obtained a deed therefor, and the same has been duly admitted to record in the county or corporation in which such real estate lies, the right or title to such real estate shall stand vested in the grantee in such deed, as it was vested in the party assessed with the taxes and levies thereon at the commencement of the year for which it was sold, or any person claiming under such party, subject to be defeated only by proof that the taxes or levies for which said real estate was sold to the Commonwealth, were not properly chargeable thereon, or that the taxes and levies properly chargeable on such real estate have been paid."

That the purchaser, Cooley, at the time of the institution of this suit, had obtained a deed from Martz, clerk, for the lot and that the same had been duly admitted to record in the county "in which such real estate lies," appears from the certified copy of the deed filed with the bill; and that the taxes and levies assessed on this lot for 1895, and for which it was sold to the Commonwealth on December 22, 1896, were not due, and that the lot was not liable for the payment of the same, which alone would justify the interposition of a court before a deed was executed, as provided

for by section 9 of said act, and that such taxes and levies were not properly chargeable thereon, or that such taxes and levies had been paid as provided for in section 12 of the act, is completely negatived by the original and amended and supplemental bills of the appellant, wherein it is in fact admitted that the lot of land had been sold on December 22, 1896, to the Commonwealth for taxes properly chargeable thereon for the year 1895, and that such taxes had not been paid at the time of the sale. Whether or not the lot was thereafter improperly sold for taxes delinquent thereon and the Commonwealth became again the purchaser thereof is wholly immaterial, for, as above stated, the Commonwealth, by its purchase on December 22, 1896, became the absolute owner of the fee simple title to the lot and the only right the former owners then possessed therein was the right of redemption to be exercised in the mode prescribed by law and which right was never exercised or attempted to be exercised by the former owners, or any one claiming under them, until after the institution of this suit, and many years after the Commonwealth had, under the provisions of the act of 1906, *supra,* sold the lot and the same had been conveyed to appellee, Cooley, by deed which for a year or two had been on record in the clerk's office of the county in which the lot lies. Not only so, but this deed to Cooley was admitted to record in the clerk's office of said county on the 21st day of January, 1910, while appellant did not obtain his deed under which he claims the lot until the 29th of January, 1911, and it was not recorded until July 10 following, nearly eighteen months after appellee, Cooley, had become vested with the fee simple title which was in Liskey and Ralston at the time the taxes for which the lot was sold December

22, 1896, were assessed.  *Thomas* v. *Jones*, 94 Va. 756, 759, 27 S. E. 813.

In *Lacks* v. *Latham*, 116 Va. 428, 82 S. E. 77, it is said: "The Commonwealth will be deemed to have acquired the title at the time of the tax sale, and any subsequent omission of steps prescribed by such statute will not invalidate that title, such steps being construed as merely directory. A resale, therefore, under this construction would convey to the purchaser such title as the Commonwealth has, not subject to be defeated by proof that any subsequent steps so long as the State retains its title, have been omitted."

The bills filed in this cause do not allege any omission making invalid the original sale of the lot to the Commonwealth on December 22, 1896, but their allegations deal only with omissions which it is claimed occurred with reference to the sale to appellee, Cooley, under the act of 1906, *supra*. The fact and circumstances required to be set forth in the deed made pursuant to said act are only such as are required by that act, and when once a sale has been made by the Commonwealth under the act, and the deed to the purchaser has been executed and the same has been admitted to record in the county in which the land lies, as was done in this case, the title to the land, so conveyed and transferred to the grantee, can "be defeated only by proof that the taxes or levies for which said real estate was sold to the Commonwealth were not properly chargeable thereon, or that the tax and levies chargeable on such real estate have been paid." See section 12 of the act, *supra*.

The second contention made by appellant, stated above, is that where the Commonwealth has sold to a purchaser land previously bought by it for delinquent taxes, and the clerk has made a deed to him therefor,

the deed is not conclusive evidence of a full and complete compliance with the essential requisites to such tax deed. "It must state all the circumstances appearing in the clerk's office in relation to the sale, as to the assessment for taxes, the liability of the owner for the same, his failure to pay, the return of the lands delinquent, the confirmation thereof by the court, the notice of the tax sale, the actual sale itself, and all the circumstances appearing in the clerk's office in relation to the sale."

Practically the same contention was made in *Lacks v. Latham, supra,* where the court had under consideration a deed to a purchaser from the clerk of the court for land which had been previously sold for delinquent taxes assessed thereon and purchased by the Commonwealth, and had subsequently been sold by it and conveyed to the purchaser under section 666 of the Code of 1904, and the court held that there was a distinction between deeds made by the clerk to land sold by the treasurer for delinquent taxes under sections 638 and 639 and purchased by others than the Commonwealth, and the requirements of section 666 in regard to deeds to lands previously sold under section 638 and bought in by the Commonwealth under section 662, and which, not having neen redeemed, are sold and conveyed to a purchaser under section 666; that the "circumstances" referred to in section 666 mean the circumstances in relation to the sale made by the Commonwealth to the applicant to purchase under that section; that section 661 applied to deeds made under the authority of section 666; and that as the deed under consideration complied with the requirements of section 666 and had been duly admitted to record, and as none of the four grounds upon which its validity might have been attacked appeared in the

case, the deed was a valid conveyance of the land to the grantee: citing *Thomas* v. *Jones*, 94 Va. 756, 27 S. E. 813; *Parsons* v. *Newman*, 99 Va. 298, 38 S. E. 186; *Va. B. & L. Co.* v. *Glenn*, 99 Va. 460, 39 S. E. 136; *Wright* v. *Carson*, 110 Va. 498, 66 S. E. 37; Minor on Tax Titles, pp. 84-85.

As observed, the act of Assembly of 1906, *supra*, is complete within itself. Its purpose, as the preamble to the act plainly shows, was to provide for a sale, at a sacrifice if need be, of "lots in projected cities and towns," many of which had been practically abandoned by their owners and had been purchased by the Commonwealth for delinquent taxes, etc.; the sale of such lots to be made after four years had elapsed since their purchase by the Commonwealth and upon the terms and conditions prescribed in the act, and it was provided in section 12 thereof that when the deed to the purchaser of such lots shall have been executed, delivered and recorded as in the act provided, the right and title to such lot or lots should stand vested in the grantee in such deed, as it was vested in the party assessed with the taxes and levies thereon, etc., subject to be defeated only by proof that the taxes or levies for which such real estate was sold to the Commonwealth were not chargeable thereon, or that the taxes and levies properly chargeable on such real estate have been paid. Neither of these two grounds of defeasance appear in this case.

In Minor on Tax Titles, *supra*, at p. 85, the learned author, in distinguishing sales of delinquent lands under section 666 of the Code from the original tax sales, says: "The Commonwealth may do what it pleases with its own, it may dispose of its title privately. This constitutes the great difference between the notice required by law preliminary to original tax sales and

that required as preliminary to the resale by the Commonwealth. In the former case, the property is the owner's and he cannot be deprived of it without notice; in the latter case the property is the State's, and the legislature may dispense with notice altogether."

In the light of the authorities cited, and which are entirely applicable to the facts of this case from which it plainly appears that appellant and those under whom he claims, having failed to pay the delinquent taxes due on the lot in question and to redeem the same prior to its sale by the Commonwealth to the appellee, Cooley, he could not maintain this suit, nor could the attempted redemption of the lot after the suit avail him, for at the time of such attempted redemption there remained in the Commonwealth no right or interest in the lot to be redeemed, the same having been conveyed by the deed from Martz, clerk, of January 19, 1910, and which deed had been duly recorded in the clerk's office of Rockingham county.

It follows that we are of opinion that the decree of the circuit court dismissing appellant's original and amended and supplemental bills on demurrer thereto is right, and, therefore, must be affirmed.

*Affirmed.*