# Richmond

## County of Albemarle v. Stuart Massey, and Others.

November 20, 1944.

Record No. 2856.

Present, All the Justices.

The opinion states the case.

*George Gilmer*, for the appellant.

No appearance for the appellees.

BROWNING, J., delivered the opinion of the court.

In this case the county of Albemarle sought, by a suit in chancery, to collect from the defendants in error, delinquent taxes which had been assessed, allegedly, against them, on account of their ownership of a certain tract of land in that county. There was a decree of reference to a commissioner to report among other things, the amount due on said land for taxes.

A carefully considered and comprehensive report was filed holding that, while the taxes claimed had not been paid, they had been improperly and illegally assessed, in that the land was not listed in the names of the several owners, and to the extent of their ownership it was omitted land.

The court in an able opinion, made a part of the record, confirmed the report, in effect, and held that: "The assessment in this case is invalid and the suit, based thereon, cannot proceed to enforce a lien."

The land, involving a tract of 81¼ acres, was conveyed in the year 1886, to Charles W. Massey, William L. Massey, James T. Massey and John W. Massey, jointly. This deed was properly recorded.

In 1886 and prior thereto, it was assessed in the name of Stapleton C. Shelton. In 1887, it was assessed in the name of

Charles W. Massey, one of the joint owners, and continued to be so assessed until 1906, when it was assessed in the name of "Chas. Massie Heirs," which continued until 1943.·

The taxes were paid to 1928, for which year it was returned delinquent in the name of "Charley Massey Est.," and, with the exception of the year 1929, it has continued delinquent. It has been sold to the Commonwealth three times in the name of "Chas. Massie Est.," for taxes for the years 1930, 1938, and 1940. Charles W. Massey was the father of the other joint tenants.

It is thus seen that the land has never been listed in the names of the grantees in the deed. This is a solemn statutory requirement. Tax Code, section 273.

We quote from the opinion of the court: "* * * it is noted that at no time has the land been listed in the names of the four joint tenants. They have been wholly omitted so far as the assessment of the land is concerned." The opinion continues:

"Under section 252 (Tax Code) the Commissioner of Revenue shall proceed without delay to ascertain all the real estate in the county and the person to whom it is chargeable as of January 1st (formerly February 1st).

"Under section 264 of the Tax Code, when an owner dies intestate, the commissioner may ascertain who are the heirs and charge the land to said heirs. When the owner devises land the commissioner may charge the land to such persons as may be the beneficial owners. If the land is to be sold, it shall be charged to the decedent's estate until a transfer.

"Section 267 (Tax Code) provides that the clerk shall annually before the 1st of January, make out a list of all deeds, etc., and furnish it to the Commissioner of Revenue.

"Section 273 of the Tax Code provides that the land mentioned in Section 267 shall be transferred accordingly on the land book and charged to the person to whom the transfer is made or the grant is issued.

"All of the above sections have been the law with minor changes since 1874."

The deed, as we have seen, having been recorded, it became the duty of the clerk and the commissioner of the revenue to comply with the statute as to the transfer on the land books.

This was not done in accordance with the statutory requirements. It was therefore an invalid assessment.

We have not found, nor have we been cited to any case from this court, which is decisive of the exact point involved on facts precisely similar to those here.

Section 273 of the Tax Code as we have seen, requires that lands which have been transferred or granted to others shall be charged on the land books to the person to whom the transfer is made or the grant has issued.

This court cannot, of course, ignore the fact that this statutory mandate has not been complied with.

An important aspect of the case is the concern of the State in the stability of the title which the purchaser takes when he buys at a delinquent land sale, effected either by a straight sale of delinquent lands or by the subjection of the land to the State's lien, by suit, as in this case.

Section 2488 of the Code provides that the purchaser acquires such title, only, as was vested in the person assessed with the taxes.

Under the facts in this case the title of the purchaser would be worthless. The assessments are a mere nullity. *Ashbrook* v. *Bailey*, 116 Va. 10, 12, 81 S. E. 64. In 26 R. C. L. 360, section 317, this is said:

"Similarly an assessment of an entire tract in a single amount to a person who owns only part of it is void."

The case of *Johnson County* v. *Tierney*, 56 Neb. 514, 76 N. W. 1090, 1093, which is quoted in the case of *Brophy* v. *Commonwealth*, 134 Va. 250, 264, 114 S. E. 782, said this:

"Where land owned by one person is assessed with the land of another, under one aggregate valuation, so that neither can determine the amount of the tax for which his property is liable the uniform holding of the courts is that the entire tax is void."

The *Brophy Case,* however, did not involve the precise point we are here considering.

A number of cases from courts of last resort of other States and some of the text-writers hold that where a tract of land is owned jointly by two or more persons and the assessment is in the name of one of them only, and it is so extended and carried on the land books, it is illegal and void. 61 C. J. 637, section 785; 2 Minor on Real Property, 1706, 1707, section 1762; 26 R. C. L. 360; *Jennings* v. *Collins,* 99 Mass. 29, 96 Am. Dec. 687; *Lancy* v. *Boston,* 186 Mass. 128, 71 N. E. 302.

The County urges that the doctrine of waiver precludes the appellees from making a valid defense to the assessment.

A ground for this contention is that having paid the taxes for all these years they have acquiesced in the character of the assessment and should not now be heard to object to it.

On this subject it is said in 29 Amer. & Eng. Ency. L. (2 ed.,) 1093, paragraph 3:

"Knowledge of Right—a. General Rule.—There can be no waiver unless the person against whom the waiver is claimed had full knowledge of his rights and of facts which will enable him to take effectual action for the enforcement of such rights. No one can acquiesce in a wrong while ignorant that it has been committed, and that the effect of his action will be to confirm it."

*Idem* page 1095, paragraph 4:

"Intent—a. In General.—The validity of a waiver requires that it shall have been made intentionally and voluntarily. Indeed, voluntary choice is of the essence of waiver, and the view that waiver is a legal result operating upon a certain state of facts, independent of intent, has been declared to be without foundation."

It is manifest that the doctrine is inapplicable.

The doctrine of estoppel is also impleaded by the County as applicable to this case.

In *Taylor* v. *Cussen,* 90 Va. 40, 43, 17 S. E. 721, we find this:

"Bigelow lays it down, on the authority of numerous adjudged cases, that the following elements must be present in

order to an estoppel by conduct, viz: '(1) There must have been a false representation or concealment of a material fact; (2) the representation must have been made with knowledge of the facts; (3) the party to whom it was made must have been ignorant of the truth of the matter; (4) it must have been made with the intention that the other party should act upon it; and (5) the other party must have been induced to act upon it.' Bigelow, Estop. (3d ed.), 484. And the same author says further, (at p. 490,) that the misrepresentation must be plain, not doubtful, or matter of mere inference or (non-expert) opinion."

It is patent that none of these elements is present.

The decree of the trial court is plainly right and it is affirmed, and the case is remanded to be further proceeded with as the court may be advised, not inconsistent with this opinion.

*Affirmed and remanded.*