## CIRCUIT COURT OF FAIRFAX COUNTY

Kevin Abel et al.

v.

Ocean Atlantic Housing, Inc.

June 3, 1987

Case No. (Chancery) 100306

By JUDGE F. BRUCE BACH

This matter is before the Court on cross motions for summary judgment.

The key undisputed facts of the case are as follows. On September 25, 1985, the Plaintiffs signed an offer to purchase a townhouse from the Defendant. The Defendant accepted the offer on January 17, 1986. The contract includes two provisions that bear upon these motions. First, paragraph 1(a) grants the Defendant the right to terminate the contract at "its sole option and discretion" if the Plaintiffs failed to secure a financing commitment within sixty days of application to a lending institution. Second, paragraph 19 grants either party the right to cancel the agreement if it were not performed within nine months of the date of acceptance.

The Plaintiffs applied to Southmark Mortgage Corporation (Southmark) for financing on February 20, 1986. On June 5, 1986, the Defendant accepted a deposit from the Plaintiffs, and the parties entered into addenda to the contract as late as September 9, 1986. On January 5, 1987, Southmark notified the Plaintiffs that their loan application had been denied. On January 7, 1987, the Defendant informed Plaintiff Kevin Abel that it was exercising its option to terminate the contract.

The Plaintiffs base their motion for summary judgment on three arguments: waiver, equitable estoppel and insufficient notice of termination. Summary judgment on all three grounds is denied.

The Plaintiffs argue that the Defendant waived its right to terminate under paragraph 1(a) by failing to declare termination more promptly when the Plaintiffs did not secure a financing commitment within sixty days of applying to Southmark. However, the contract does not impose a deadline for declaring termination on this ground. The Defendant merely waited until the lender made a final decision on the loan application before exercising its option to terminate. I decline to find that this conduct was an "intentional relinquishment of a known right" which constituted a waiver. *Stanley's Cafeteria, Inc. v. Abramson*, 276 Va. 68 (1983).

The only undisputed facts supporting the Plaintiffs' estoppel argument are that the Defendant accepted a deposit and entered into addenda with the Plaintiffs more than sixty days after the date the loan application was filed, and that the Defendant's agent at some point prior to January 7, 1987, may have told the Plaintiffs that the contract was not in jeopardy due to the delay in Southmark's decision. These facts by themselves are insufficient to support the claim of equitable estoppel. Acceptance of a deposit and execution of addenda are fairly commonplace acts during the period of time when the purchaser of real estate is seeking financing. Both the purchaser and seller normally understand that these acts do not bind the seller except as agreed by the parties. Further, the Defendant's agent's assurances that Southmark's delay had not placed the contract in jeopardy was not a representation that the contract would remain viable even if Southmark ultimately denied the Plaintiff's loan application. Thus, there was no aspect of misrepresentation in the assurances.

Estoppel by conduct requires a showing of a misrepresentation of material fact, and the misrepresentation "must be plain, not doubtful, or (a) matter of mere inference or (non-expert) opinion." *County of Albemarle v. Massey*, 183 Va. 310, 316 (1944). The undisputed facts clearly would not support a finding of equitable estoppel.

The Plaintiffs also seeks summary judgment on the ground that only one of them was given direct notice of the termination. However, it is clear that both Plaintiffs received actual notice and that they were not prejudiced by the method of notification.

Finally, the Defendant has also moved for summary judgment, asserting both paragraphs 1(a) and 19 as grounds for termination. Based on the proceedings I grant summary judgment on this basis. The Plaintiffs' allegations are insufficient to support their claims of estoppel and waiver. Thus, the terms of the contract control, and the Defendant could properly terminate the contract under either paragraph 1(a) or 19.

Mr. Carroll will please prepare an appropriate order denying the Plaintiffs' motion and an appropriate order granting the Defendant's motion for summary judgment and submit both to Mr. Freeman for signature as to form.