## Richmond.

Van Landingham v. Buena Vista Improvement Company.

December 13, 1900.

1. Delinquent Lands—*Deeds—Right to Redeem—Waste—Rents.*—A pur-
chaser at a sale of land sold for delinquent taxes cannot acquire a
deed thereto within two years after the date of his purchase, and if
more than three years elapse after the date of sale, before a deed is
obtained by the purchaser, the former owner or a creditor holding
a lien on the land may redeem the land at any time before a deed
is made or ordered to the purchaser. Such purchaser is liable for
waste committed before acquiring a valid deed, and for rents col-
lected.

Appeal from a decree of the Circuit Court of Buena Vista,
pronounced January 7, 1899, in a suit in chancery under the
style of *Jordan & Co.* v. *Buena Vista Company & Others,* in
which both appellant and appellee were defendants.

*Affirmed.*

The opinion states the case.

*A. A. Skeen* and *Roland E. Chase,* for the appellant.

*Hugh A. White* and *R. W. Winborne,* for the appellee.

Keith, P., delivered the opinion of the court.

C. H. Jordan & Co. and others filed their bill in the Circuit
Court of the city of Buena Vista in order to subject the property
of the Buena Vista Improvement Company to the payment of its
debts. In this bill, it is stated that much of the property of the

defendant company has been sold for delinquent taxes, and is held and occupied by the purchasers. A commissioner was directed to ascertain and report the real estate owned by the defendant company, the debts due by it, with their respective priorities, and the amount of taxes due by the defendant, and what portion, if any, of its property has been sold for delinquent taxes and now remains unredeemed. The commissioner reported, among other things, that 102 lots had been sold for delinquent taxes and purchased by the Commonwealth, and that seven lots had been purchased by individuals at tax sales. Upon the coming in of this report, a decree was entered making S. C. Van Landingham, among others, a party defendant. He was served with process, the bill was taken for confessed as to him, and a decree entered on December 11, 1894, which directed a sale of certain lots belonging to the Buena Vista Improvement Company to pay, among other charges, all taxes, including penalties, interest and costs thereon, then due and unpaid.

On the 14th of July, 1896, the plaintiffs filed an amended and supplemental bill, in which all the defendants to the original bill, including S. C. Van Landingham were made parties. It states, in much detail, the circumstances attending the purchase by Van Landingham, of certain property of the Buena Vista Improvement Company, for delinquent taxes, and the facts, which, in the opinion of the plaintiffs, rendered the title of Van Landingham defective. The plaintiffs averred that, under his pretended purchase, Van Landingham took possession of the property without notice, and contrary to law, and collected large sums for rent; that he had dismantled some of the buildings and committed waste by taking away the fixtures and shelves from buildings erected as stores, to the great injury of the property, and that he is liable for a sum more than sufficient to reimburse him for everything that he has expended on account of taxes or otherwise upon the property.

To this bill, Van Landingham filed a plea and answer, and the

court entered a decree directing a commissioner to ascertain and report whether there had been any valid sale for taxes of the property of the Buena Vista Improvement Company to the defendant, S. C. Van Landingham, whether any valid deed was made to him, and what rents and profits he had received from the property he claims to have bought, and what improvements, if any, he has made; what damage, if any, he has done; and any other matter deemed pertinent by the commissioner.

The commissioner's report shows every step taken with respect to the purchase by Van Landingham of the lots which he claims, and reaches the conclusion that his title is invalid; that the rents he has received and the obligations he has incurred for waste committed upon the property are more than sufficient to reimburse him for all that he has expended for taxes. This report was confirmed by the court, and a decree rendered against Van Landingham for $65.03. From that decree, he obtained an appeal.

Without undertaking to follow the commissioner in all the matters reported upon by him, it is sufficient to say that he reports that Van Landingham purchased at a sale which took place not earlier than March 12, 1894; that the original deeds, executed to him by the clerk of the Corporation Court of Buena Vista, were executed on the 18th of February, 1896, nearly a month before the time at which, under the statute, he was entitled to a deed, assuming that he had in all respects complied with the law. The deeds under which he now claims were executed on the 25th day of March, 1897, more than three years after the date of his purchase. He had been brought into court and made a party to the litigation as early as October, 1894, and again, by amended and supplemental bill, in July, 1896.

With respect to the matters we have stated, the evidence abundantly justifies the finding of the commissioner, and we are of opinion that the plaintiffs had a right, as lienors, to redeem the land which had been sold for taxes, and that, inasmuch as

Van Landingham owed for waste committed and rents collected, as shown by the report, a sum more than sufficient to reimburse him for all that he had paid out for taxes, the decree appealed from very properly set off the one demand against the other, and it must be affirmed.

*Affirmed.*