# Richmond

UNITED CONSTRUCTION AND DEVELOPMENT CORPORATION
v. PONTIAC APARTMENT CORPORATION.

April 7, 1932.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and Browning, JJ.

The opinion states the case.

*W. R. Ashburn,* for the appellant.

*R. C. Cole* and *E. A. Bilisoly,* for the appellee.

HOLT, J., delivered the opinion of the court.

This is a suit brought to set aside a lease made to collect delinquent town taxes. The parties will be designated as they were in the trial court.

On August 1, 1926, the Atlantic Shore Land and Improvement Corporation was the owner of an apartment house in

the town of Virginia Beach, and then executed to the Citizens Bank of Norfolk, trustee, its deed conveying that property in trust to secure a debt of $45,000.00, evidenced by certain negotiable promissory notes. To meet these notes as they came due and certain other charges, including taxes, the grantor agreed to deposit with the Guaranty Title and Trust Corporation, for one year, $300.00 a month, and thereafter $500.00 a month during the life of the loan. Under that contract there should have been deposited by June 26, 1929, $14,600.00, but the sum so placed amounted to only $10,600.00, and there was actually to its credit then $1,210.00 at which time the Guaranty Company went into the hands of a receiver. Town taxes for 1928 and 1929 were unpaid, and the town tax collector had attempted in vain to collect them. Before any steps to enforce collection had been taken one of the note-holders under the deed of August 1, 1926, had brought a foreclosure suit—this because the bank, trustee, had failed or refused to act and because his debt was then in default. Pending that suit the tax collector undertook to and did lease this apartment house to J. E. Woodhouse, and advertised his purpose by posters of date February 22, 1930. The lease itself bears date March 12, 1930, and recites that the lessee had paid therefor the sum of $623.68, the amount then due.

In the meantime sale had been ordered in the foreclosure suit. It was made on May 3, 1930, to the note-holders under the trust deed of August 1, 1926, for $39,000.00, who promptly formed themselves into a body corporate under the name of Pontiac Apartment Corporation, and exchanged their notes for shares of stock in this new corporation.

The tax collector might well have set up his claim as a preferred charge in the foreclosure suit, but he was not obliged to do so, and elected to proceed under section 378 of the Tax Code (see Code 1930, Appendix, page 2231), which contains *inter alia* these provisions:

■ "When real estate is advertised for leasing for the taxes and there is any tenant in possession of the property so advertised, then the treasurer, sheriff, sergeant, constable, collector, or other collecting officer making the lease, shall serve upon such tenant, at least five days prior to the day of leasing, a copy of the notice of leasing. This service shall be in conformity with section 6041 of the Code of Virginia."

This apartment house was made up of eighteen apartments. At the time of the lease there were tenants in seven of them and eleven were vacant. No notice was served on these tenants in possession.

We are not concerned with the wisdom of this statute. Doubtless, when enacted, the legislature had in mind some good reason for requiring notice to the tenant; but good or bad, it is so written.

■ That the tax sales and leases must conform to the statute under which they are made is ancient law. They are "founded on forfeitures, deserve no indulgence from the court. It is, therefore, the well settled law, that he who claims under a forfeiture must show that the law has been exactly complied with." *Wilson* v. *Bell*, 7 Leigh (34 Va.) 22.

■ Chief Justice Marshall, in *Thatcher* v. *Powell*, 6 Wheat. (U. S.) 119, 125, 5 L. Ed. 221, said: "That no individual or public officer can sell, and convey a good title to, the land of another, unless authorized so to do by express law, is one of those self-evident propositions to which the mind assents, without hesitation; and that the person invested with such a power must pursue with precision the course prescribed by law, or his act is invalid, is a principle which has been repeatedly recognized in this court."

The failure of the tax collector to notify the tenants is conceded, but it is said that the plaintiff here has no right to complain; that it is not a party in interest.

■ This plaintiff, the Pontiac Apartment Corporation,

was chartered after the lease was made, but it took over such rights as the purchasers acquired at the foreclosure sale on May 30, 1930, and they in turn purchased such rights as the Atlantic Shoreland and Improvement Corporation held and had conveyed to the Citizens Bank, trustee, by its deed of August 1, 1926. In other words, it is now the owner, under orderly procedure, of property illegally leased, and has proceeded without delay to assert its rights.

█ As we have seen, the sole assignment of error is that the plaintiff here has no right to complain. Where land is sold, "the owner of any such real estate so sold, his heirs or assigns, or any person having the right to charge such real estate with a debt, may redeem the same. * *." Code, section 2475. By section 2474 of the Code, "any person aggrieved by reason of the confirmation of such sale may apply to the court for relief."

It is true that these statutes are dealing with sales and not with leases, but the same principle should apply in each case, and they tell us, in turn, that owners and lien creditors are parties in interest. Indeed, this is a self-evident proposition which need not be fortified by statute at all. As to the right of creditors to sue, see *Van Landingham* v. *Buena Vista, etc., Co.*, 99 Va. 37, 37 S. E. 274, and *Stevenson* v. *Henkle*, 100 Va. 591, 42 S. E. 672.

If the owner has no right to complain, then no one has, and so no lease, however defective, could be set aside. This owner, in substance, represents lien note-holders whose rights attached long before taxes for 1928 and 1929 were due. If this were not true, and if it had been a stranger purchasing at the foreclosure sale, as owner it could still complain.

█ In the instant case the tax collector's power to execute the lease in judgment was a naked one and coupled with no interest. "No rule of law is more firmly settled than that in the case of a naked power, every prerequisite

to its exercise must precede it." *Gordon* v. *Joyner*, 112 Va. 347, 71 S. E. 652, 653, and cases cited.

The single error here assigned is that the plaintiff has no right to "complain of the failure to serve notice on the seven tenants." The sufficiency of the tender charged in the bill is not challenged, and need not be considered. *Kelly* v. *Gwatkin*, 108 Va. 6, 60 S. E. 749.

There is no error in the decree appealed from and it is affirmed.

*Affirmed.*